JOHN O'NEIL AND MRS. JOHN (FRANCES) O'NEIL, PETITIONERS, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16864. Promulgated May 21, 1929.

*Harry C. Weeks, Esq.,* for the petitioner.
*L. A. Luce, Esq.,* for the respondent.

### OPINION.

MILLIKEN: These proceedings were submitted on the pleadings and on a stipulation to the effect that petitioners, John O'Neil and Frances O'Neil, were during the year involved husband and wife, who then resided in Texas. The deficiencies involved are for the calendar year 1920, the deficiency against petitioner John O'Neil is in the sum of $7,532.23 and the deficiency against petitioner Frances O'Neil is in the sum of $5,675.43. In his answer respondent alleges that the correct deficiencies are $4,543.77 against petitioner John O'Neil and $3,306.54 against petitioner Frances O'Neil. Respondent also avers that the correct community income of petitioners is the sum of $62,980.13, and the correct separate income of petitioner John O'Neil is the sum of $12,939.13, which amount includes the sum of $1,887.86 profit from the sale of a farm in Harris County, Texas, which was not included as separate income in the determination made by respondent. Respondent confesses error in that he included the sum of $16,849, profit from the sale of the Vogel lease, twice, and admits that this is a duplication and that income should be reduced by this amount. He further confesses error in not allowing the sum of $2,368.46 as amortization or exhaustion of the Shaw lease.

The only issues open for decision are whether respondent erred in determining that the sum of $1,862, representing farm rents from a farm in Harris County, Texas, which was the separate property of petitioner John O'Neil, constituted his separate income, and, further, whether he erred in determining that the sum of $9,189.27, representing oil royalties from lands in the State of Oklahoma, which were the separate property of petitioner John O'Neil, constituted his separate income.

With respect to the farm rents from the farm in Harris County, Texas, it is clear that until the enactment by the Legislature of Texas

of the Act of 1917 (Acts 35 Leg., c. 194), rents from separate property were, under the laws of that State, community property. See cases cited in Note 85 (a) 31 C. J. 32. The Act of 1917 attempted to make the revenues and rents from the separate property of both husband and wife the separate estate of the spouse owning the separate estate. This Act was held by the Supreme Court of Texas in *Arnold* v. *Leonard*, 114 Tex. 535; 273 S. W. 799, to be invalid is so far as it attempted to declare the rents and revenues from the wife's separate estate to be her separate estate, such being in violation of the provisions of the Texas Constitution defining the wife's estate. The court also held that the Act was unconstitutional in that its caption concealed its true purpose, at least in so far as it affected the wife's estate. Respondent contends that this decision left in effect so much of the Act of 1917 as affected the husband's rights. Without attempting to construe the decision, it is sufficient to point out that such is not the construction placed upon it by the Court of Civil Appeals of Texas. which is the highest court in that State that has passed upon the question. *Stephens* v. *Stephens* (Court of Civil Appeals, Tex.), 292 S. W. 290, was a divorce action. The wife contended that she was entitled to one-half of the oil royalties from leases on her husband's separate property. Among other things, the court said:

On February 10, 1921, the date of the marriage between appellee and appellant, the law of 1917 (Laws 1917, c. 194), providing that the rents and revenues from the separate land from either spouse should be separate property, had been passed. This law, and the 1921 amendment thereto (Laws 1921, c. 130), on the account of the insufficiency of the caption to the bill, were held invalid. It was also held unconstitutional as to the wife's separate estate, as her separate property rights could neither be increased nor diminished because defined and fixed by section 15, art. 16, of the Constitution of the state. *Arnold* v. *Leonard*, 114 Tex. 535, 273 S. W. 799.

The Constitution does not define the separate rights of the husband. The 1925 Compiled Statutes of Texas, art. 4613, adopted by the Legislature, reenacted the provision making the rents and revenues from the husband's separate land the separate property of the husband, and, in our opinion, cures the defective caption to the bill. Constitution, art. 3, § 43; *American Indemnity Co.* v. *City of Austin*, 112 Tex. 239, 246 S. W. 1019; section 22, Final Title, 1925 Statutes. The record reveals that a large part of the oil delivered in the pipe lines to the credit of appellee, and for which he received pay, occurred after article 4613 of the 1925 Statutes became effective, but, in the view we take of the case, all the funds in controversy should be disposed of under the same rules.

The court proceeded to hold that such royalties were not community property, on the ground hereinafter set forth. *Willcutt* v. *Willcutt* (Court of Civil Appeals, Tex.), 278 S. W. 236, was also a divorce action. Here the wife was claiming, among other things, a community interest in interest on certain promissory notes and in rents and revenues from certain real estate, all of which was the

616

separate property of her husband. The court, after construing the Act of 1917, said:

It is clear that the interest or increase arising from the personal property of the husband has not been declared separate property by the statute of 1917 (article 4621, Vernon's Tex. Civ. Stats.), and it is therefore unnecessary for this court to pass upon the constitutionality of the law. The Supreme Court, however, has held that the Legislature had the power to make the rents and interest of the wife exempt from community debts made by the husband, but also held that the attempt to make the rents and revenues arising from her lands separate property was unconstitutional and invalid. *Arnold* v. *Leonard* (Tex. Sup.) 273 S. W. 799. If this be the law, appellant is entitled to her community interest in the rents and revenues arising from the lands of appellee as well as the interest.

Under the above decision, we are constrained to hold that the farm rental from the farm in Harris County, Texas, was community income.

When we come to the oil royalties derived from the separate estate of petitioner John O'Neil in the State of Oklahoma, a different question is presented. In 31 C. J. 32, it is said:

Under the general rule that the law of the situs determines whether land is separate or community property, revenues from land in a common-law state do not fall into the community, although the owner lives in a community-law state.

The foregoing excerpt is peculiarly applicable in respect of the oil royalties involved in these proceedings. They were derived from land in a state in which the law of community property does not prevail. If the land had been in the State of Texas, such oil royalties would constitute separate property—see *Stephens* v. *Stephens, supra,* where it is said:

The land is separate property. The oil in place is realty capable of distinct ownership, severance, and sale. It is a part of the corpus of appellee's sole estate. He conveyed his oil and received, as the principal consideration therefor, one-eighth of the production. No skill, labor, or supervision of either of the spouses, and no community property was expended in the sale or production. The oil and the proceeds thereof received by appellee were neither rent nor profits, within the meaning of the law making such common property, but the consideration for separate realty. Extracting the oil from beneath the surface depletes and exhausts forever the corpus of his separate property; removing it to the top of the ground changes it from real to personal property; but such change or mutation, and the money received, are definitely traced, and, in our opinion, the fund in controversy belonged to appellee in his sole and separate right.

Without undertaking to decide what is the Oklahoma rule with respect to oil and gas leases—that is, whether royalties are or are not rentals, it is sufficient to say that the proceeds of such leases are not community property in that State, since it does not recognize such a system, and that under the law of Texas such royalties from lands

in Texas are not community property for reasons sufficient to the courts of that State. Since such royalties are not community property in either State, we are of opinion that respondent did not err in determining that such royalties were the separate income of petitioner John O'Neil.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

LOVE dissents on the second point.