E. Michna, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 20820.   Promulgated November 11, 1931.

*Harry C. Weeks, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

716

OPINION.

BLACK: It is the contention of the respondent that the entire amount of the oil royalties and the proceeds of the sale of a one-half interest in the royalties on the 80-acre tract are the separate property of the petitioner and taxable to him. He contends that the character of the 80-acre tract was fixed as the separate property of petitioner prior to his marriage and that it remained the separate property of petitioner, notwithstanding it may have been partially paid for with

the proceeds of community property, or separate property of the wife.

Relative to the gift of the undivided 3/44 interest in the 218-acre tract by petitioner's parents to him, the respondent's position is that as this was a gift to petitioner, it constituted petitioner's separate property under the Texas statutes, although it was acquired during the marriage. The applicable Texas statutes to the questions here involved, are given in the footnotes.[1]

The courts of Texas have had these questions before them in a number of cases, and as to the first have laid down the rule that the status of title, as belonging to one estate or the other, is determined by the status of the original right, subsequently matured into full title. *Creamer* v. *Briscoe*, 109 S. W. 911; *Mills* v. *Brown*, 69 Tex. 246; 6 S. W. 612; improvements made on the husband's separate property after marriage and paid for with community funds, or the wife's separate funds, do not change the character of the husband's separate estate, *Pellum* v. *Fleming*, 283 S. W. 531. In this case the court said:

The fact that the 85 acre tract included in the lands sought to be partitioned was the separate property of J. L. McGee was a meritorious defense in part to the allegation in plaintiff's petition that all said land was community, and to the claim asserted by plaintiff in said petition that the children of Mrs. McGee by her first marriage were entitled to participate in the distribution of the proceeds of such tract. This fact was available to her in meeting the burden of showing such a defense as a requisite part of her motion for a new trial and it was so alleged in said motion. The allegation in plaintiff's petition was that the property sought to be partitioned was community. Plaintiffs could not by controverting affidavit enlarge the allegations in their petition on which the case was tried nor introduce new issues to defeat Mrs. Pellum's motion. They in said controverting affidavit admitted, in effect, that the 85 acre tract was the separate property of J. L. McGee, as alleged in said motion, but attempted to avoid the effect of such admitted fact and defeat a new trial on the ground that improvements were made on said separate property after the marriage of J. L. and Hannah McGee. *If such improvements were in fact made as alleged, they would not change the character of said*

---

[1] The Revised Civil Statutes of Texas, in force during the taxable year, provide as follows:

ART. 4613.—*Husband's separate property.*

All property of the husband, both real and personal, owned or claimed by him before marriage, and that acquired by gift, devise, or descent, as also the increase of all lands thus derived therefrom, shall be his separate property. The separate property of the husband shall not be subject to the debts contracted by the wife, either before or after marriage, except for necessaries furnished herself and children after her marriage with him, nor for torts of the wife. During the marriage the husband shall have the sole management, control and disposition of his separate property, both real and personal.

ART. 4619.—*Community Property.*

All property acquired by either the husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife, and during coverture may be disposed of by the husband only. All the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved.

*property with reference to its being separate or community, regardless of whether they were paid for with community funds or with the proceeds of sale of Mrs. McGee's separate property. Creamer v. Briscoe, 109 S. W. 911; 101 Texas 490; Welder v. Lambert, 44 S. W. 281; 91 Texas 510; Jackson v. Jackson (Tex. Civ. Appeals) 258 S. W. 231. Any sums so expended for improvements after said marriage may on another trial, under proper pleadings, be made a charge upon said 85-acre tract in favor of the community or of the separate estate of Mrs. McGee, as the facts proved at that time may justify under the rules of law applicable in such cases.* * * * [Italics supplied.]

Where in an exhibition of the whole title it appears its origin preceded the marriage, it is the separate property of the spouse in whom it originated, *Jackson* v. *Jackson*, 283 S. W. 923; *Price* v. *McAnnelly*, 287 S. W. 77.

One of the leading Texas cases on this subject is *Welder* v. *Lambert*, 44 S. W. 281. There the Supreme Court of Texas considered the question and reached the conclusion that the separate estate of the husband was not changed by the use of community funds in payment for the property or to discharge encumbrances thereon and that the only right to which the community is entitled is a claim for reimbursement. In that case the Supreme Court of Texas, after reviewing the authorities of Louisiana and the Spanish law, states:

The only right to which the community is entitled is that of claiming the reimbursements of the sum paid on account of the entry of the double concession, if such payment has been made out of the funds of the community. The principle was also embraced in the later case of *In re Moseman's Estate*, reported in 38 La. Ann. 219, and the previous rulings of the court were followed. In that case the husband a short while before his marriage, had taken out a policy of insurance on his own life, payable " to his executors, administrators, or assigns ". After his marriage the premiums were paid from community funds. After his death, upon settlement of his estate the question was agitated whether the money paid by the insurance company upon the policy belonged to the community; and it was held that it was property of his separate estate, but that it was chargeable, in favor of the community, with the premiums which had been paid with community funds.

\*        \*        \*        \*        \*        \*        \*

The rule of the Spanish law as to improvements made with community funds upon the separate property belonging to one of the spouses belongs to the community, but gives the other no claim to the property itself. Schmidt, Spanish Law, Art. 48 * * *.

It is clear from these cases that the 80-acre tract was the separate property of petitioner. For tax purposes we are not concerned with what claims the community or the wife may have against it for reimbursement. There is no dispute about the gift of the 3/44 interest in the 218-acre tract to the petitioner and under the terms of Article 4613, Texas Statutes, this must also be considered his separate property.

In several cases we have held that oil royalties and proceeds from the sale of oil royalties derived from separate property constitute separate income to the party owning the land. *John O'Neil et al.*, 16 B. T. A. 614; *W. P. Ferguson*, 20 B. T. A. 130; affirmed on this point, 45 Fed. (2d) 573; *Oscar Chesson*, 22 B. T. A. 818. See also *Stephens* v. *Stephens*, 292 S. W. 290, one of the leading Texas cases on this subject.

We conclude that the action of respondent in determining the deficiency was correct.

*Decision will be entered for the respondent.*