ROSALIE HAMPTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28708. Promulgated December 6, 1934.

*Thomas J. Reilly, Esq.*, for the petitioner.
*O. W. Swecker, Esq.*, for the respondent.

OPINION.

TRAMMELL: This is a proceeding for the redetermination of a deficiency in income tax for the year 1923 in the amount of $883.33. The sole issue is whether certain oil and gas royalties and bonus received by petitioner during the taxable year as a member of the Osage Tribe of Indians from lands located in the State of Oklahoma, petitioner being married and residing with her husband in the State of Texas, constituted community income taxable one half to petitioner and one half to her husband.

The facts were stipulated by the parties as follows:

Rosalie Hampton, petitioner, is a member of the Osage Tribe of Indians, duly enrolled as such under the Act of June 28, 1906, and holds a certificate of competency issued pursuant to that Act. During the year 1923 she was a resident of San Antonio, Texas, and owned her own original share in the tribal revenues, together with one share acquired by inheritance.

During the calendar year 1923 the total payments for each share disbursed by the Osage Indian Agency was $11,800.00 and petitioner, as the owner of two shares, received as follows:

| | |
|---|---|
| Payment of oil and gas royalties | $11,600.00 |
| Payment of bonus | 12,000.00 |
| Total payment | $23,600.00 |

That depletion in the sum of $7,749.16 is a proper deduction from income for this year.

That petitioner is entitled to other deductions from gross income in the total sum of $4,373.59.

That petitioner during 1923 was married and living with her husband and is entitled to personal exemptions of $2,400.00.

The status of land, and of income therefrom, involves a rule of property in respect of which we are bound by the law of the state where the land is situated. *Tyler* v. *United States*, 281 U. S. 497; *Moffitt* v. *Kelly*, 218 U. S. 400; *Warburton* v. *White*, 176 U. S. 484; *DeVaughn* v. *Hutchinson*, 165 U. S. 566, 570. And it is the settled rule "that marital rights in land are regulated by the law of the situs." *McKay on Community Property*, § 639; *Wharton on Conflict of Laws*, vol. 1, 3d ed., § 237 et seq.

Thus, in conformity with the general rule, it is held that in determining the respective interests of spouses in property for the purpose of the Federal estate tax, the law of the state where the property is situated controls. *United States* v. *Robbins*, 269 U. S. 315, 326; *Hernandez* v. *Becker* (C. C. A., 10th Cir.), 54 Fed. (2d) 542; *Allen* v. *Henggler* (C. C. A., 8th Cir.), 32 Fed. (2d) 69; *Talcott* v. *United States* (C. C. A., 9th Cir.), 23 Fed. (2d) 897.

We applied the same rule in *John O'Neil*, 16 B. T. A. 614, where we pointed out that:

Under the general rule that the law of the situs determines whether land is separate or community property, revenues from land in a common-law state do not fall into the community, although the owner lives in a community-law state.

The *O'Neil* case involved the question whether oil royalties received from land situated in the State of Oklahoma, the separate property of the husband living in Texas, constituted separate income of the husband, and we held that it did, since Oklahoma is not a community property state. Likewise, we must hold here, irrespective of the rule in Texas, that if the income in controversy was oil and gas royalties and bonus received by the petitioner from her separate land in Oklahoma, then it was her separate income.

But on brief, petitioner refers to the fact that by the Act of June 28, 1906 (34 Stat. 539) the mineral rights in the land were reserved to the tribe of which petitioner is an enrolled member, and that the tribal income is held in trust by the United States and distributed to the individual members according to the roll. On this premise, petitioner argues that the income in controversy was merely income received from a trust fund, and that the question involved is controlled by our decision in *Eva Lavino Griffiths*, 30 B. T. A. 852. This argument, we think, is unsound. The cited case is clearly distinguishable on the facts.

The *Griffith* case involved income from a trust, the corpus of which consisted of corporate securities. Under the terms of the trust instrument, the petitioner, a married woman residing in Texas, received the income alone from the trust fund for life. We held that the gift to petitioner was not of income, but a definite and determined portion of the corpus for life, which was personal property, and that under the laws of Texas the income was community income of herself and her husband, taxable one half to each.

Under Texas law income from separate personalty is community income, *Willcutt* v. *Willcutt*, 278 S. W. 236, and other decisions cited in *Anna Davis Terry*, 26 B. T. A. 1418, but oil and gas royalties are held by the courts of Texas to be neither rents nor profits but proceeds of sale, taking the place of so much of the separate realty as thus was sold. Hence such a fund belongs separately to the spouse owning the land from which it was derived. *Stephens* v. *Stephens*, 292 S. W. 290. And see also *Chesson* v. *Commissioner*, 57 Fed. (2d) 141.

In *Anna Davis Terry*, *supra*, we held that in Texas income received by a wife as beneficiary of a trust created by will was community income, taxable one half each to the wife and husband. However, the effect of that decision is clearly limited to a trust under which the beneficiary is given no interest in the corpus, but only in the income; and furthermore the income in that case consisted of interest and dividends of domestic corporations, not oil and gas royalties.

The relation between the United States and the Osage Tribe of Indians is that of guardian and ward. The members of the tribe are wards of the Government. *Heiner* v. *Colonial Trust Co.*, 275 U. S. 232. While the relation of guardian and ward is, generally speaking, that of trustee and *cestui que trust* (*Smith* v. *Smith*, 210 Fed. 947; affd., 224 Fed. 1), the trust is not of such character as to give the guardian the legal title of the ward's estate (*Winona Oil Co.* v. *Barnes* (Okla.), 200 Pac. 981), but the title remains in the ward and the possession of the guardian is the possession of the ward. *28 C. J. 1128; Francis* v. *Sperry* (Okla.), 176 Pac. 732.

Thus, receipt by the guardian is receipt by the ward, and if the income in this case, first received by the guardian, was royalties, the income received by the ward, petitioner herein, was royalties. However, if we assume, without deciding, that the Government is an ordinary trustee, the view most favorable to petitioner's contention, we are led to the same ultimate conclusion that the controverted income is petitioner's separate income.

We can not accept petitioner's theory that what she received was merely a distributive share of income from a trust fund, for the reason that, in the first place, the parties have stipulated that the income received by the petitioner was "payment of *oil and gas royalties and bonus*", and that she is entitled to a deduction for depletion, the amount of such deduction being stipulated. The allowance for depletion is based upon the ownership of an interest in the property, that is, the mineral rights, which interest is diminished or depleted by the production of the oil and gas. If petitioner received only income from a trust fund, in the corpus of which she owned no interest, she would not be entitled to the deduction for depletion. It would, indeed, be anomalous to say that petitioner received only a distributive share of income from a trust fund and at the same time allow a deduction for depletion in respect of property in which we hold that she had no interest.

In the second place, it is apparent that petitioner in fact owns a substantial interest in the corpus of the trust. The mineral rights in the land were reserved to the Osage Tribe, and the individual members of the tribe, one of whom is this petitioner, are the beneficial and proportional owners. She has not only an interest in the income of the trust, but an interest in the corpus in exactly the same proportion.

In *Kate Fowler Merle-Smith*, 11 B. T. A. 254, we held that the beneficiaries were not entitled to deductions for depletion on account of the removal of ore from property forming a part of the corpus of the trust, on the theory that what the beneficiaries received was merely income from a trust fund. Our decision was reversed by the Circuit

Court of Appeals at 42 Fed. (2d) 837 (certiorari denied, 282 U. S. 897), the court in its opinion saying:

The decision of the Board of Tax Appeals is grounded on the claim that the petitioner's right to income is that of a beneficiary of a trust only. *Irwin v. Gavit*, 268 U. S. 161 * * *. It is argued that these beneficiaries be taxed upon their distributive share and that they have no interest in the capital or corpus held by the trust.

The court further stated:

Both petitioners' rights to the royalties, first paid to the trustee and then to the petitioners, came under these trusts. They are, in this sense, beneficiaries. But the trust from which Kate Fowler Merle-Smith obtained her royalties terminates, and the corpus of the trust vests in her when she arrives at the age of forty-five, and if she dies prior to that time, it will go as directed by her in her will. * * * She could defeat her right to possession only by dying intestate.

In that case, as in the instant case, the beneficiary had an interest in the corpus as well as in the income, and the court squarely held that what the beneficiary received was royalties and not merely income from a trust fund. The decision of the court is predicated upon the proposition that where a beneficiary has an interest in the corpus of the trust fund, royalties received constitute something more than merely a distributive share of income from the trust; that to the beneficiary they are in fact royalties, subject to the depletion allowance, notwithstanding they are paid first to the trustee and then to the beneficiary. We have adopted and followed this same view in our subsequent decisions. See *Mary Alphin*, 21 B. T. A. 1101; *Ida L. Kuhn*, 24 B. T. A. 216; *E. B. Galbreath*, 24 B. T. A. 1107.

If the income here in controversy was what the parties have stipulated, namely, oil and gas royalties, as undoubtedly it was, petitioner is entitled to the stipulated deduction for depletion, and it was not community income under either the laws of Oklahoma, where the land was situated, or under the laws of Texas, where petitioner and her husband resided. *John O'Neil, supra,* and authorities therein cited.

Respondent's action is approved.

*Judgment will be entered under Rule 50.*