DAVID HANNAH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41390. Promulgated December 31, 1934.

972

*Irl F. Kennerly, Esq.*, and *D. R. Bullard, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, and *E. G. Sievers, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The respondent determined deficiencies in tax, as follows:

| Year | Deficiency |
|------|------------|
| 1923 | $6, 920. 42 |
| 1924 | 52, 100. 89 |
| 1925 | 12, 713. 33 |

At the hearing the parties filed a stipulation of facts in substantially the following form:

David Hannah, the petitioner, and his wife, Ethel May Hannah, are citizens of the State of Texas, and of the United States, and were married and living together during the taxable years involved herein, and had two dependent children under eighteen years of age during the year 1923 and three dependent children during the years 1924 and 1925.

About the year 1901, said David Hannah, then unmarried, acquired fee simple title to 296.5 acres of land in the Jesse Devore League in Liberty County, Texas, for a consideration of $5 per acre, which title included the exclusive right to exploit and develop same for oil and other minerals; and the respective tracts of land covered by the written instruments referred to in the three following paragraphs are out of and a part of the aforesaid 296.5 acres of land.

On March 2, 1923, the petitioner and his wife executed and delivered to the Texas Co. an oil and gas lease bearing that date, a true copy of which was attached to the stipulation as petitioner's Exhibit No. 3.

On March 17, 1924, petitioner and his wife executed and delivered to Humble Oil & Refining Co. an oil and gas lease bearing that date, a true copy of which was attached to the stipulation as petitioner's Exhibit No. 4.

On June 2, 1924, petitioner and his wife executed and delivered to said Humble Oil & Refining Co. an oil and gas lease bearing that date, a true copy of which was attached to the stipulation as petitioner's Exhibit No. 5.

As consideration for the execution and delivery of said instruments referred to above as petitioner's Exhibits Nos. 3, 4, and 5, cash payments were made to petitioner in the years and in the amounts set forth below:

| | 1923 | 1924 | 1925 |
|---|---|---|---|
| By the Texas Co | $37,500.00 | $59,411.12 | $3,088.88 |
| By the Humble Oil & Refining Co | | 85,000.00 | |
| | 37,500.00 | 144,411.12 | 3,088.88 |

The above amount of $37,500 was received by petitioner on March 2, 1923.

By reason of the drilling and completion, as a commercial producer, of "The Texas Company—Vacuum Oil Company, Hannah 50-acre lease, Well No. 2", which is so designated on the map marked petitioner's Exhibit No. 6, and which was begun on February 14, 1924, and completed as a producer on May 12, 1924, and which is agreed to have been the discovery well with respect to the tracts of land described in petitioner's aforesaid Exhibits Nos. 3, 4, and 5, and which was so treated and claimed by petitioner in his income tax return filed for the calendar year 1924, the Commissioner has agreed that, against the sum of $144,411.12 received as bonus payments during the year 1924, petitioner shall be allowed a deduction of $72,205.56 as depletion allowance thereon, which allowance is a further deduction from petitioner's adjusted income for the year 1924 as disclosed by the Commissioner's written notice of deficiency dated September 28, 1928, and which additional deduction is agreed to by petitioner and Commissioner as being correct under the provisions of the Revenue Act of 1924. Depletion allowed by reason of the discovery on said well No. 2 was used both by the petitioner and the Commissioner for the determination of the allowance for depletion upon the royalties received under said leases, and has also been used as a basis for allowance for depletion upon the bonuses received in the year 1924.

The sum of $849.44 has been determined by the Commissioner, and agreed to by petitioner, as the proper amount of depletion allowance applicable to the sum of $3,088.88 received by petitioner as bonus payment during the year 1925 under and by virtue of the instrument represented by petitioner's Exhibit No. 3.

A photostatic copy of the drilling log of "The Texas company—Vacuum Oil Company, Hannah 50-acre lease, Well No. 1" (Exhibit No. 7), a map of the Hull Oil Field (Exhibit No. 6), a copy of the drilling log of "Republic Production Company–David Hannah Well No. 1" (Exhibit No. 8), and a statement of the geology and producing oil horizons (Exhibit No. 9) were all attached to the stipulation.

Without admitting that the $37,500 cash bonus received by petitioner in 1923 as part consideration for the execution of the instrument represented by petitioner's Exhibit No. 3 is subject to any allowable deduction for depletion, based upon a discovery value, the Commissioner has determined that, in the event the Board finds as

a matter of law that said $37,500 bonus is subject to depletion, based upon a discovery value established on said well No. 2 referred to above, then the amount of $26,267.05 is the proper allowable deduction for such depletion and the sum of $11,232.95 is the correct taxable amount applicable to said bonus payment.

In 1925 David Hannah and his wife, Ethel May Hannah, received net, as rents and royalties, the sum of $105,667.17, all of which was received by petitioner from the properties acquired by him prior to his marriage.

All income from any source whatsoever received by petitioner or his wife since their marriage has been treated and deemed by them to be community income and the fruition of their common efforts. For each of the years 1923 and 1924 petitioner filed a joint income tax return for himself and his wife; and, for the year 1925, separate income tax returns were filed by petitioner and his wife, on which each claimed as income one half of the total income received during said year.

The Commissioner has determined that, of petitioner's taxable income for the year 1923, the sum of $8,770.33, derived from the sale of certain real estate and stocks, is capital gain and taxable as such under the provisions of section 206 of the Revenue Act of 1921, which determination petitioner and Commissioner agree is correct and which amount has heretofore been treated as ordinary income.

The Commissioner has determined that, of petitioner's taxable income for the year 1923, the profit of $2,887.65 derived by petitioner from the transaction evidenced by the two instruments dated May 19, 1923 (Exhibits Nos. 1 and 2) is capital gain and taxable as such under the provisions of section 206 of the Revenue Act of 1921, which determination petitioner and Commissioner agree is correct provided any amount is taxable as income for the year 1923 as a result of said transaction. The Commissioner and petitioner agree that the property described in petitioner's Exhibit No. 1, as of date May 19, 1923, was owned, jointly and equally, by petitioner and R. A. Welch, and that petitioner received, on May 19, 1923, the sum of $12,500 cash, same being petitioner's one half of the cash consideration provided for in said instrument.

The parties agree that the propositions of law to be determined by the Board are as follows:

Is the petitioner entitled to an allowance for depletion based upon the discovery value established on Well No. 2 referred to above upon the bonus of $37,500 received during 1923 under and by virtue of the oil and gas lease dated March 2, 1923, to The Texas Company?

Is any amount received by petitioner during the year 1923 under and by virtue of the transaction between the petitioner and R. A. Welch on the one hand and John H. Kirby on the other hand, as set out by petitioner's Exhibits Nos. 1 and 2, taxable as income for said year?

Did the Commissioner of Internal Revenue err in treating as the separate income of petitioner the amounts received under and by virtue of the three oil and gas leases executed by petitioner and his wife, on March 2, 1923, March 17, 1924, and June 2, 1924, instead of treating the sums so received as community income of the petitioner and his wife, as to the taxable years 1923, 1924, and 1925?

The depletion, if any, to which petitioner is entitled on account of the bonus of $37,500 received in 1923 is that which " the applicable statutes allow." *Murphy Oil Co.* v. *Burnet*, 287 U. S. 299. The Revenue Act of 1921 did not contain the provision for percentage depletion found in the 1926 and later acts. Section 214 (a) (10) of the 1921 Act provides, in part, as follows:

(a) That in computing net income there shall be allowed as deductions:

* * * * * * *

(10) In the case of mines, oil and gas wells * * * a reasonable allowance for depletion * * * according to the peculiar conditions in each case, based upon cost * * * *Provided*, That in the case of such properties acquired prior to March 1, 1913, the fair market value of the property (or the taxpayer's interest therein) on that date shall be taken in lieu of cost up to that date: *Provided further*, That in the case of mines, oil and gas wells, discovered by the taxpayer, on or after March 1, 1913, * * * the depletion allowance shall be based upon the fair market value of the property at the date of the discovery, or within thirty days thereafter * * * such reasonable allowance in all the above cases to be made under rules and regulations to be prescribed by the Commissioner, with the approval of the Secretary. * * *

Pursuant to the above authority the Commissioner duly promulgated article 215 (a) of Regulations 62, which reads as follows:

Where a lessor receives a bonus or other sum in addition to royalties, such bonus or other sum shall be regarded as a return of capital to the lessor, but only to the extent of the amount remaining to be recovered through depletion by the lessor at the date of lease. If the bonus exceeds the amount remaining to be recovered, the excess and all the royalties thereafter received will be income and not depletable. If the bonus is less than the amount remaining to be recovered by the lessor through depletion, the difference may be recovered through depletion deductions based on the royalties thereafter received to the extent that such deductions are legally allowable. The bonus or other sum paid by the lessee for a lease made on or after March 1, 1913, will be his value for depletion as of date of acquisition.

The quoted regulation was substantially the same as that contained in Regulations 45 and Regulations 65.

On November 13, 1926, all three regulations were amended by T. D. 3938, so as to read identically, as follows:

Where a lessor receives a bonus in addition to royalties, there shall be allowed as a depletion deduction in respect of the bonus an amount equal to that proportion of the cost or value of the property on the basic date which the amount of the bonus bears to the sum of the bonus and the royalties expected to be received. Such allowance shall be deducted from the amount remaining to be recovered by the lessor through depletion, and the remainder is recoverable through depletion deductions on the basis of royalties thereafter received.

In approving the amended regulations, the Supreme Court, in *Murphy Oil Co.* v. *Burnet, supra,* said, in part:

We think the Commissioner's method "reasonable" within the meaning of the statute. The deduction for depletion from the bonus payments, which the statute requires, must either be made after the process of extracting the oil is complete, to the extent that royalties received have been insufficient to replace invested capital, with the attendant inconvenience of indefinite postponement of the allocation of the bonus to income and return of capital, or a formula must be adopted by which the appropriate allocation may be made as the two classes of gross income, bonus and royalties, are received.

That formula the regulation purports to furnish. Where the estimates are reasonable, the formula affords a fair and convenient method of avoiding the present taxation of the bonus, when received, as income, in the face of the probability that it will ultimately prove not to be such. * * *

The method of computation provided by the amended regulation must be taken to have received the approval of Congress, for, as already noted, the provisions of article 215 (a), as amended, have been continued in the Treasury Regulations since 1926, and those of section 234 (a) (9) of the Revenue Act of 1918 (40 Stat. 1078) have been reenacted without substantial change in the Revenue Acts of 1928 (26 USCA §§ 2023, 3023) and 1932.

The problem here is different from that involved in *Burnet* v. *Thompson Oil & Gas Co., supra.* * * * Here an anticipated depletion of capital is to be returned from bonus and future royalties, to the extent that the applicable statutes allow, and the problem is to allocate such anticipated depletion to a payment made in advance of its occurrence. This allocation is permitted by the statute.

The above cited case, though arising under the 1918 Act, is peculiarly applicable to the case at bar.

Under the above quoted provision of the applicable law, the basis of depletion would be either the discovery value, if any, or the March 1, 1913, value. Since there was no discovery until 1924 we must eliminate this factor, leaving only the March 1, 1913, value as a basis. Here we are met by a failure of proof. The record contains nothing as to the value of the property on that date. Likewise, we have no evidence of the "royalties expected to be received", another requisite factor in computing depletion under the provisions of T. D. 3938, *supra.* Accordingly, we must hold that the petitioner, on whom rested the burden of proof, has failed to furnish evidence necessary to establish his case as to depletion.

As to the second issue, it is stipulated that the only question is as to the taxability in 1923 of a profit of $2,887.65 realized on a certain sale of real estate. Petitioner contends it was taxable in 1928 because of certain conditions surrounding the sale. There is no dispute over the fact or amount of gain.

On May 19, 1923, the taxpayer and one R. A. Welch, coowners, sold certain property to John H. Kirby for $222,169.50, payable $25,000 in cash and the balance in two promissory notes, each for $98,584.75, payable one to each of the vendors five years after date.

A warranty deed with usual covenants was signed and delivered, in which a vendors' lien was expressly reserved, conditioned for discharge upon the payment of the notes. The notes contained the following paragraph:

This note is given in part payment for the land therein described and it has been agreed that a suit or suits will be brought to perfect the title to the said land and any purchaser of this note shall take the same charged with notice of said agreement and of any and all suits brought to perfect the title and shall be bound by the result thereof. This note shall not be negotiated until two (2) years and one day after the rendition of such judgment, or of the last of such judgments if more than one suit be filed, in the suit or suits above referred to to clear the title to said land.

The taxpayer contends that the agreement to bring suit to perfect title made title to the land doubtful and the transaction conditional. He points also to the fact that under the general warranty of the deed he might, should good title not be made, be obliged to return all of the money received and cancel the notes. He relies on *Baird* v. *United States*, 65 Fed. (2d) 911. The facts in the *Baird* case are so wholly dissimilar that it is no authority in the present situation. It dealt with a contract to sell, deed to be given after payment. Here we have a completed sale, a warranty deed delivered, cash and notes all paid over in 1923. The remote contingency of invalid title came from some alleged squatter rights, the evidence of which is meager. No suit was pending. The precaution of bringing suit to perfect title did not postpone the passing of title nor the completion of the sale. The transaction was closed in 1923 and income then accrued. See *Blaine L. Stoner*, 29 B. T. A. 953, and cases there cited.

The remaining question involves the concept of community property, it being petitioner's contention that all of the income from the bonus and royalties should be divided between himself and wife and taxed accordingly. The facts show that the income all accrued from property constituting the separate property of the taxpayer, the same having been acquired by him prior to marriage. The facts further are that for the years 1923 and 1924 petitioner and his wife filed joint returns while for 1925 separate returns were filed. This question has been fully considered by the Board and decided adversely to taxpayer's contention. See *E. Michna*, 24 B. T. A. 715, and cases cited. The petitioner may not divide with his wife for taxation the income received from his separate property as bonuses and oil royalties.

Various other matters originally in dispute are settled by the stipulation of the parties, and effect will be given to such stipulation in the recomputation of taxes due.

*Decision will be entered under Rule 50.*