MELLIE ESPERSON STEWART, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68781. Promulgated February 5, 1937.

*Llewellyn A. Luce, Esq.*, for the petitioner.
*Thomas F. Callahan, Esq.*, for the respondent.

408

OPINION.

LEECH: There appears to be no dispute with respect to the income received or the amounts of the several deductions. The only questions raised are as to what portions of the income and deductions constitute separate income and separate deductions of the petitioner, and what portions, if any, are community income and deductions.

Petitioner contends that by reason of the execution by her husband of a conveyance of all of his interest in the community property and the community income thereafter to be received, all of the income from her separate property was her separate income. With this we do not agree. We think that, under the decisions of the Texas courts, a husband may convey to his wife, by gift or otherwise, as her separate property, community property, but such property must then be in existence. *Frame* v. *Frame*, 36 S. W. (2d) 152; *Kahn* v. *Kahn*, 58 S. W. 825; *Heaton* v. *State*, 87 S. W. (2d) 256; *Sorenson* v. *City National Bank*, 49 S. W. (2d) 718; *Owen* v. *Willis*, 20 S. W. (2d) 338; *Polk* v. *Mead*, 3 S. W. (2d) 112; *Cauble* v. *Beaver-Electra Refining Co.*, 274 S. W. 120; *Armstrong* v. *Turbeville*, 216 S. W. 1101. The income here in dispute was received in 1930. Thus, in determining petitioner's gross income for the purpose of Federal income tax computation, that income must be treated as community income under the rule that an assignment of future income does not relieve the assignor from the burden of the income tax thereon. *Lucas* v. *Earl*, 281 U. S. 111; *Turbeville* v. *Commissioner*, 84 Fed. (2d) 307; *Rose* v. *Commissioner*, 65 Fed. (2d) 616.

Since, under the general rule in Texas, income from the separate property of a spouse is the income of the community (*Anna Davis Terry*, 26 B. T. A. 1418; affd., 69 Fed. (2d) 969), the interest, rents, and dividends received by petitioner constitute community income taxable to petitioner and her husband in equal amounts. The record is not clear as to the source of the "other income" reported by petitioner in the sum of $23,881.06. This has been treated in part as community and the balance as separate income. In view of the record, we sustain the respondent upon his allocation.

However, oil and gas royalties are an exception to the general rule just stated. Under the laws of Texas, an oil and gas lease constitutes a sale of those minerals in place. True, for Federal income tax purposes, those royalties are ordinary income from the property leased. *Burnet* v. *Harmel*, 287 U. S. 103. But, in Texas, such royalties are not income from the property, per se, but are the separate property, in another form, of the spouse owning the lands from which the royalties arise, and thus are not community income. *Commissioner* v. *Wilson*, 76 Fed. (2d) 766; *David Hannah*, 31 B. T. A. 971; *Rosalie Hampton*, 31 B. T. A. 853; *J. T. Sneed, Jr.*, 30 B. T. A. 1121. It follows that the oil and gas royalties received by petitioner from her separate property, less the depletion of $19,529.13, are taxable in their entirety to petitioner.

This brings us to the question of the deductions which respondent has treated as allowable in equal parts to petitioner and her husband, with the exception of one item of $2,000 which he now alleges is a capital expense. Petitioner urges that even though it be held that

certain of the income received by her from her separate estate constitutes community income, taxable one-half to her, she is entitled to the deduction of the total amount of her deductible expenses actually paid by her from her funds, and that the expenditures included in the deductions taken were so paid. It is argued that her husband, not having paid any portion of this expense, is not entitled to the benefit of the deduction of any part thereof from that portion of the community income taxed to him. This argument overlooks the fact that the portion of community income taxable to the husband is not gross but net taxable income, after the deduction of the expenses incidental to its production. Before the execution by petitioner's husband of his conveyance of all his interest in petitioner's separate estate, his tax liability with respect to the income from petitioner's separate estate was a sum not in excess of one-half of the net income. Obviously, the execution of that instrument did not increase his tax liability on that income. We must bear in mind that the community is entitled not to the gross income from the separate property of husband and wife, but to the net income remaining after payment of expenses incidental to its production. The inclusion of gross income from separate property in the community, without deducting the expenses of producing it, would deplete the separate property or, in other words, would result in an inclusion in the community of a portion of the separate property, since the gross income therefrom would necessarily constitute, in part, a liquidation of capital. As Corpus Juris states the principle, citing *Sharp* v. *Zeller*, 110 La. 61; 34 So. 129:

Where separate property is encumbered, the revenue therefrom may be applied to the discharge of the encumbrance, leaving only the excess to fall into the community [31 C. J. 32, Sec. 1116.]

In accordance with this principle, the respondent has consistently computed the income of the spouses by including in the net income of each, one-half of the net community income, thus giving each, equally, the benefit of the deductions properly attributable to such income. As far as we have been able to find, no question has been raised heretofore as to this treatment. The usual method pursued was to have each spouse report all of the community income, and the deductions therefrom, and then include in his or her individual income, one-half of the net amount so computed. The rule consistently applied is stated by O. D. 909, 4 C. B. 254, as follows:

In returns in which community income is divided between husband and wife domiciled in States where such income is divisible for income tax purposes, both husband and wife should report in detail the gross income from such community property. The deductions properly chargeable against such income should be equally divided between husband and wife.

We approve that rule and hold that the deductions, constituting expenses, depreciation, interest and taxes pertaining to petitioner's separate property, the income from which falls into the community and is taxable in equal parts to petitioner and her husband, are to be equally divided between the two. The gross income of the community shall be taxed equally between the two spouses and each granted the benefit of one-half of the deductions.

It is conceded that the contested contributions made by petitioner in 1930 were of charitable character as defined by the applicable revenue act. Respondent contends, however, that they constitute a community deduction because made from a bank account in which community income was deposited. But, the funds in such bank account belonged to the petitioner and not to the community. The contributions were made by the petitioner out of her funds, and she is, therefore, entitled to deduct them in full. No part of the charitable contributions made by petitioner's husband is deductible by her.

Included in the deductions is one of $4,739.44, expenses incurred in connection with receipt of oil and gas royalties. Respondent does not question the accuracy or reasonableness of this expense but treats it as a community deduction. This is error, as decided above, since these royalties were separate income of and taxable, in their entirety, to petitioner. We conclude this item is a deduction, to the whole of which petitioner is entitled.

We also hold respondent to be in error in treating as a community deduction a loss of $33,401.28 from sale of stock in 1930. This stock was purchased by the wife and paid for with her separate property. It became her separate property. *Trammell* v. *Trammell*, 269 Fed. 114; *Armstrong* v. *Turbeville, supra; O'Farrell* v. *O'Farrell*, 119 S. W. 899; *Gale Mfg. Co.* v. *Dupree*, 146 S. W. 1048. Any loss resulting from a sale of petitioner's separate property constitutes a reduction of or decrease in her separate estate. Certainly, a decrease in her estate as a result of a sale, constitutes a loss substained by her. In our judgment, the amount of this loss, which is not contested, is allowable in full to petitioner. Similarly, the loss of $302 sustained by petitioner's husband on the sale of stock plays no part in computation of petitioner's net income.

The same reasoning applies to the bad debt deduction of $2,954.60, since this debt constituted an investment by petitioner of her separate property. The loss occasioned by its becoming worthless is allowable in full to petitioner. The items of deduction consisting of interest, taxes, depreciation, salaries, and miscellaneous office expenses are not questioned as to their amounts, except for certain small adjustments not in controversy. As to these we sustain the respondent in treating them as community deductions to which petitioner and her husband are entitled in equal amounts.

As stated in our findings of fact, the respondent treated salaries paid and miscellaneous office expenses, as community deductions to which petitioner was entitled to the benefit of one-half. Petitioner claims these amounts, in their entirety, as separate deductions. But the record discloses nothing indicating the portion of any that was incidental to petitioner's separate business. Thus, respondent's determination is sustained on that issue.

With respect to the deduction of $2,556 as "Esperson Industrial District Expenses" we sustain the respondent in his contention that $2,000 of this amount, constituting payments for subdividing and plotting the Esperson Industrial District tract for sale, is a capital expenditure and not deductible. *Frishkorn Real Estate Co.*, 15 B. T. A. 463. Respondent, apparently, does not question the balance of this total deduction as one to which petitioner is separately entitled.

In addition to the deductions discussed, petitioner has claimed as community deductions, losses due to the financial collapse of certain corporations. The bases for these losses are investments in stock and advances made to the corporations. This issue has been closed by a formal stipulation that during 1930 petitioner sustained a deductible capital loss in the amount of $10,000, which constituted her share of a community loss from the investments in question. Effect will be given to this stipulation.

Reviewed by the Board.

*Decision will be entered under Rule 50.*