WALTER WARREN v. THE STATE.

No. 3602.  Decided June 19, 1907.

1.—Theft of Cattle—Charge of Court—Consent—Prosecutor's Wife—Accomplice.

Where upon trial for theft of cattle, the evidence showed that the defendant had the consent of the prosecutor's wife to take the cattle, which were community property of the husband and wife, it was error to charge that said wife could be an accomplice, as the wife could not steal community property from the husband.

2.—Same—Indictment—Venue—Removing Cattle Into Other County.

In an indictment for theft of cattle, it was not necessary to allege that the cattle were taken from one county and driven into the county of the prosecution, nor was it necessary to prove that the defendant attended in person the driving of the cattle from one county into that of the prosecution.

Appeal from the District Court of Lavaca.  Tried below before the Hon. M. Kennon.

Appeal from a conviction of theft of cattle; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Arthur P. Bagby,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of theft of cattle, and his punishment assessed at three years confinement in the penitentiary.

Appellant's defense in this case was that he had the permission of the prosecutor's wife to take the cattle. The evidence shows, however, that the cattle were taken clandestinely at night to avoid the prosecutor knowing it. Prosecutor's wife testifies in substance that prosecutor was an old man and quite sick, and had made a will in which he had failed to provide for her, and having been his wife for a number of years she did not think it just to be so treated, so she prevailed upon appellant to go at night and take the cattle in question and sell them and bring her the money. Her testimony on this line is not at all satisfactory, but it suggests the question above stated. The evidence quite clearly shows that the cattle were community property, and it furthermore suggests the idea that the wife was assisting prosecutor in managing the property, at least to some extent, however, prosecutor said that his wife had no right to dispose of the property. The court, in charging the jury, among other things, informed them that if the defendant did take the cattle without the consent of the said J. R. Davis, the prosecutor, but that the defendant was directed or requested by Mrs. Jennie Davis, the wife of J. R. Davis, to take the cattle and sell them for her benefit, and the defendant, because of such request, took the cattle, believing that he had a right to do so, you will acquit the defendant, or if you have a reasonable doubt upon this point, you will acquit him. This was a proper presentation of the law of this case, but the court in the next paragraph gives the following instruction: "You are instructed that a conviction cannot be had upon the testimony of an accomplice, or upon the testimony of any number of accomplices, unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense. The term "accomplice" means a person, who either as principal, accomplice, or accessory, is connected with the crime by unlawful act or omission on his part, transpiring either before, at the time of, or after the commission of the offense, and whether or not he was present and participated in the crime. Even if you believe the testimony of the accomplice, or accomplices, is true, and that it is sufficient to connect the defendant with the fraudulent taking of the cattle as charged, still you cannot convict the defendant upon such testimony unless corroborated as hereinbefore indicated. The witness Gib Mullen is an accomplice, and you are to determine from the evidence whether the witness Mrs. Jennie Davis is also an accomplice." The testimony in this case shows that the witness Gib Mullen drove the cattle for appellant from Gonzales County to Lavaca County. This would make him, as stated by the court below, an accomplice, but Mrs. Jennie Davis, the wife of the prosecutor, could not in law be an accomplice to taking her own cattle, or cattle in which she had community interest. Under the law of this State where a husband and wife acquire property during coverture, either personal or real, it is community property, and each is equally interested in the property, and one could not steal from the

other, and not being able, in contemplation of law, to steal from each other, they could not be an accomplice, and it was error for the court to so charge.

We do not think there was any error in the indictment, same appearing in the stereotype form; nor was it necessary to allege in the indictment that the cattle were taken in Gonzales County and carried into Lavaca County, where this prosecution was instituted, in order to make out a valid prosecution under our statute; nor would the fact that appellant did not go in person from Gonzales County to Lavaca County with the cattle change this proposition; he would be equally guilty, whether he carried the cattle in person or had others carry the cattle in person, of theft of the cattle, and the statute authorizes a prosecution for theft of cattle in the county where taken, or into or through which they may be carried, and in contemplation of law appellant carried the cattle into Lavaca County, therefore, the District Court of Lavaca County had jurisdiction of this case. But for the error of the court in telling the jury that the wife of the prosecutor might be an accomplice for theft of the cattle, the judgment is reversed and the cause remanded.

*Reversed and remanded.* ·