### CORRIGAN v. GOSS et al.

(Court of Civil Appeals of Texas. El Paso. Nov. 6, 1913. Rehearing Denied Nov. 26, 1913.)

1. HUSBAND AND WIFE (§ 271*)—SEPARATION DEED—VALIDITY.

Where a husband and wife have separated, or have agreed to separate, a deed of separation, including partition of community property, executed by them will be sustained if just and made without coercion or undue influence.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 989–1002; Dec. Dig. § 271.*]

2. APPEAL AND ERROR (§ 1010*)—FINDINGS—CONCLUSIVENESS.

The findings of the trial court will be sustained if there is any evidence to support them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3982, 4024; Dec. Dig. § 1010.*]

#### On Rehearing.

3. HUSBAND AND WIFE (§ 271*)—SEPARATION—AFTER-ACQUIRED PROPERTY.

Where an agreement of separation between husband and wife provides for an equitable division of the community property, property subsequently acquired by either spouse was his or her separate property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 989–1002; Dec. Dig. § 271.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Action by Martha J. Corrigan against T. V. Goss, executor, and others. From judgment for defendants, plaintiff appeals. Affirmed.

W. J. Howard, of Houston, for appellant. J. W. Lockett, of Houston, for appellees.

HARPER, C. J. Plaintiff alleges that she is the surviving wife of Patrick F. Corrigan, deceased, and that the property described in her petition was community property of herself and her said husband, and that as the surviving wife of her said husband, she is lawfully entitled to one-half thereof, and that at his death he left a certain sum of money and household furniture, that her said husband was seised and possessed of a certain house and lots, having inherited the same from a former wife, and that same, by reason of occupancy as such, became her homestead, and was such at the time of the death of the said Corrigan, and asks that same be set aside as her homestead, but if it cannot be partitioned, then that she have her allowance of $5,000 in lieu thereof, as provided by statute, and further asks for an allowance of $1,000 for one year's support. Defendants plead general denial; deny that any of the property sued for is community estate, but that same was the separate property of said Patrick F. Corrigan, deceased, that said property was acquired after a separation and a partition agreement between plaintiff and the deceased of date 1906, whereby there was conveyed to and accepted by plaintiff certain property then allotted to her, which did not include any of the property sued for, and that she accepted same in full settlement of her interest in the separate and community estate, and waived, canceled, and released any and all rights which she might have to any property which he should thereafter acquire; that said partition and settlement was fair and equitable, and plaintiff thereby received all and more than she was entitled to; that in respect to that part of plaintiff's petition wherein she seeks to recover $1,000 as an allowance for one year's support, and asks for homestead or allowance in lieu thereof, allege that a fair settlement was made between plaintiff and deceased, and that they lived separate and apart, and that during said time she had and enjoyed the rents and revenues of the property so set apart to her by the agreement and partition, and was sufficient for her maintenance; that they did not constitute a family at the time of the death of Patrick T. Corrigan; therefore plaintiff is not within the meaning of the law the surviving widow of deceased. Plaintiff by supplemental petition pleaded general demurrer, general denial, and further that it became necessary for her to leave deceased at the time they separated because of his cruel and inhuman treatment; that after being so driven away she was without means of support, and that deceased took advantage of her condition by his cruel treatment, threats, and duress, she yielded to the condition, and executed the papers; that she at all times recognized the marriage relations, and was ready to resume her duties as his wife at any time that he would cease his conduct aforesaid, but that he refused; tendered into court all the property in her name, and asked that all the property acquired during the marriage be declared to be community property and partitioned as the law directs. Trial was had before the court, and judgment for defendants for all property acquired by Patrick Corrigan after the settlement between himself and wife.

Following are the trial court's findings of fact:

"From the testimony in this case, I deduce the following findings of fact:

"(1) I will try to make them as brief as possible. The deceased, Corrigan, was possessed of considerable property when he married the plaintiff, and during their coverture he accumulated considerable more property.

"(2) Domestic infelicity arose, which seems to have been brought about by some singular and revolting attachment for or association in some degree with a negro woman on the part of the husband, Corrigan. The parties separated, and the wife says she was compelled to leave, and I find that she would have been justified in getting a divorce, and there was such a suit brought by the plaintiff, and there was a cross-action by the defendant, the wife, but no divorce was entered, the wife having dismissed her suit, and divorce was refused her husband.

"(3) I find that they finally agreed to separate permanently and divide the property, though the wife, I conclude, was reluctant to make the division, yet she acquiesced therein. She testified that her husband told her she would have to make the division or leave without anything, and she also testified that he beat her on one occasion because she refused to sign the division papers. The husband being dead, this evidence was undisputed, and was not supported by any other testimony. However this may have been, I do not find that at the time of the partition—that is the actual execution of the papers—that there was any such conduct on the part of the husband as to amount to legal duress.

"(4) I find that the division of the property made was equal and fair, and that the wife took the part assigned to her and has kept the real estate ever since, and has been in the use and enjoyment of it.

"(5) The officer, in taking her acknowledgment to the partition and division of the property, failed to put into it the words: 'And that she does not wish to retract it,' but parol proof was introduced, over the objection of plaintiff, to prove that she did so state upon privy examination, and I find that she properly acknowledged the instrument.

"(6) The plaintiff in this case, the wife, had the advise of competent counsel, and the instrument of partition and division was made under his advice, and if I mistake not, in his presence, and, as I have said, both parties took the properties according to the division, and the husband held his until his death, and 'the wife still holds hers. The then attorney for Mrs. Corrigan advised her to make the settlement because he considered that it was the best she could do under the circumstances, as Corrigan, the husband, had control of the property, and he did not think she could sue for the property without suing for divorce.

"(7) I find that the wife has ample property for her homestead, and that no such condition of affairs exist as would justify setting apart to her a homestead.

"(8) I find that after the separation and partition, the husband Corrigan purchased the two pieces of real estate in Houston Heights and the Kirby addition involved in this controversy, and that it was paid for in part with the money which had been allotted to him in the said partition. I also find that by •the partition and division made between the husband and the wife it was intended that such estate as the wife should thereafter acquire should be her separate estate, and that such estate as the husband should thereafter acquire should be his separate estate, and it was intended by the partition to divide, not only the property then on hand, but such as should thereafter be acquired, so that such as was thereafter acquired by each should be their respective estates, which I believe was fair; and I find that all of the property acquired by the husband after the separation was purchased and acquired by him as his separate estate.

"(9) I find that the homestead occupied by Corrigan and wife at the time of the separation, to wit, lots 5 and 6, block 31, of the Noble addition to the city of Houston, was the community property of Corrigan and his first wife, and same has since been partitioned, and lot 6 set aside to the estate of Patrick Corrigan and lot 5 set aside to the devisees of the first Mrs. Corrigan."

Many of appellant's assignments are not in compliance with the rules, but a sufficient number of them can be considered to raise the only questions of importance, viz.: First. Under the uncontradicted evidence, has appellant any community interest in the property acquired by Corrigan after the separation? Second. Was the partition or division of the community property made by them by their writing dated ——— such an one as will be enforced under the rules of law and equity?

[1] It is well settled that where husband and wife have already separated, or have determined upon a separation and are in the act of executing it, a deed of separation, including partition of community property, will be upheld, provided that they have been entered into without coercion or other undue influence, and the provisions are just and equitable. Rains v. Wheeler, 76 Tex. 390, 13 S. W. 324.

[2] The assignments of error complain that the uncontradicted evidence shows that there was no intention to abandon on the part of the wife, and that she signed the instruments under duress, and under a misapprehension of the facts, and that the partition was not just and equitable. After carefully reading the entire record, we are of the opinion that the assignments are not well taken, but that, on the other hand, the evidence is sufficient to support the judgment and the findings of fact of the trial court. And so long as there is any evidence in support of the findings of the trial court, we cannot hold otherwise.

We do not quote the evidence from the record, which in our judgment supports the court's findings, because it could in this case serve no good purpose.

Affirmed.

## On Rehearing.

The appellant in his motion for rehearing urges with so much zeal the propositions that the trial court erred in finding as a fact that there was no duress and undue influence which brought about the execution of the agreement to separate between Corrigan and his wife, and the execution of the partition deed, and further insists that there was no definite finding to that effect, and further urges that the case of Rains v. Wheeler, 76. Tex. 390, 13 S. W. 324, does not support this court in its opinion; and, for fear that the opinion as rendered does not clearly reveal the full scope of the propositions of law therein decided, we add:

The effect of the finding of facts in subdivision 3, quoted in full in the original opinion, is that, notwithstanding the threats and the personal violence testified to, there was no duress which was the moving cause of the agreements entered into, or else he did not believe the testimony, so in either event the trial court's finding is binding upon us where there is any evidence in the record to support it, and this court holds that there is such evidence.

The cases cited by appellant hold that, as between the parties and as to third parties interested, the husband and wife cannot, by mere agreement, transfer their separate or community property one to the other, and thereby change the class of estate which the law fixes in each. Cox v. Miller, 54 Tex. 27; Green v. Ferguson, 62 Tex. 529; Kellett v. Trice, 95 Tex. 165, 66 S. W. 51. While Rains v. Wheeler, 76 Tex. 390, 13 S. W. 324, settles the law in this state to be that deeds of separation, made after the separation or when in the act of separating, are valid, so far as they settle the rights of property between the husband and wife, if made without coercion or undue influence, and the provi--

sions of the partition deed are just and equitable. As said above, the trial court having found against appellant upon all these propositions, the deed becomes valid.

It is clear that this agreement and partition deed were not intended to convey property by one spouse to another, but an equitable division in view of final separation; that is, in view of no longer acting together in the acquisition of .property, which the law fixes as community, or separate, according to its manner of acquisition, but each to take in the future such property as he may acquire as his own, unincumbered by the marital relation.

[3] Hence it follows that property acquired by either spouse after separation, brought about by such an agreement, becomes the separate property of the one who acquired it, free from the claims of the other, because they are no longer, in law, acting together in their legal capacity of husband and wife. And this partition deed being valid and binding, it settled all property rights between the parties, including the homestead rights of appellant.

The original opinion is adhered to, and the motion overruled.