## STEWART v. COMMISSIONER OF INTERNAL REVENUE.
### No. 8690.

Circuit Court of Appeals, Fifth Circuit.

April 8, 1938.

Llewellyn A. Luce, of Washington, D. C., for petitioner.

Robert N. Anderson and Sewall Key, Sp. Assts. to Atty. Gen., James W. Morris, Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Charles H. Curl, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

821

HOLMES, Circuit Judge.

This review involves income taxes for the calendar year 1930, proposed against the petitioner under the provisions of the Revenue Act of 1928, c. 852, 45 Stat. 791. The decision of the Board of Tax Appeals is reported in 35 B.T.A. 406. The petition for review was duly filed, pursuant to applicable statutory provisions. It assigns error in the disallowance of claimed deductions from gross income.

Petitioner is a resident of Houston, Texas. In 1922, upon the death of her first husband, she acquired a substantial estate consisting of real and personal property. In 1925 she married Harry Stewart, from whom she was divorced in 1934. On March 19, 1927, for a recited consideration of $10 and natural love and affection, he conveyed, assigned, and released to her all of his interest in their community property and all income therefrom theretofore received or which thereafter might be received by either of them or to which either of them might be entitled. It was further recited in the instrument that the intention of the parties was to make all of such property the separate property of the petitioner, for her sole and separate use, free from any right, title, claim, interest, contract, or management upon the part of her husband.

Treating the execution of this instrument as having terminated their community status under Texas law with respect to her property, petitioner and her husband filed separate individual returns for the calendar year 1930. She reported all of the income from her separate estate, deducted therefrom all of the expenses and other items permitted by the revenue act, and returned individually the net income thus computed. The income so reported was actually received by her, deposited in bank to her account, and was not subject to withdrawal by her husband. Likewise, the expenditures for which she took credit were made from said funds.

The respondent and the board, respectively, have adjusted small items of income and deductions in several instances, and these amounts are not in controversy, but the issue here arises from their treatment of the income of petitioner and her husband as community income, irrespective of the execution of the instrument of March 19, 1927. We find no error in the action of the board in sustaining the determination of the commissioner in this respect, since the latter treated as her separate property the oil and gas royalties, less a deduction for depletion.

Under Texas decisions, a husband may convey community property to his wife as a separate estate, but it must be in existence at the time the conveyance is made. If future income is assigned, it does not relieve the assignor from income taxes otherwise due thereon. This is conceded, but petitioner contends that certain expenditures are deductible in their entirety from her gross income rather than in moieties from herself and her husband. This contention cannot be sustained. Since one-half of the community income is to be taxed to the husband, it follows that the applicable deductions should also be divided between the husband and wife. Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731; Turbeville v. Commissioner, 5 Cir., 84 F.2d 307, certiorari denied 299 U.S. 581, 57 S.Ct. 46, 81 L.Ed. 428. The net result is the important thing in applying the income tax laws. Income and deductions must be accounted for on the same basis. In making separate returns, a husband and wife domiciled in Texas are each required to report one-half of the income which simultaneously with its receipt becomes community property. Hopkins v. Bacon, 282 U.S. 122, 51 S.Ct. 62, 75 L.Ed. 249. Following the case just cited, this court held that income from the wife's separate property is community income in which she and her husband each have a half interest. Commissioner v. Terry, 5 Cir., 69 F.2d 969.

The instrument of March 19, 1927, undertaking to assign future income from the wife's separate property, did not change the general rule, nor did it have the effect of rendering deductible in their entirety from her gross income expenditures for taxes, interest, salaries, and miscellaneous office expenses made from her individual bank account into which this income had been deposited. This income was acquired by the wife during marriage and is presumed to be community income. Article 4619, R.C.S. of Texas, as amended, Vernon's Ann.Civ.St. art. 4619; Rippy v. Rippy, Tex.Civ.App., 49 S.W.2d 494. This presumption was not overcome by any evidence.

We think the board held correctly that these deductions, constituting expenses, depreciation, interest, and taxes pertaining to petitioner's separate property, the in-

come from which falls into the community estate and is taxable in equal parts to petitioner and her husband, are to be equally divided between them. Its decision is affirmed.