Dorothy **SULLIVAN**, Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

No. 16909.

United States Court of Appeals
Fifth Circuit.

May 26, 1958.

Robert J. Hobby, Wentworth T. Durant, Durant & Hobby, Dallas, Tex., for petitioner.

Joseph Kovner, Atty., Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, S. Dee Hanson, Attys., Dept. of Justice, Washington, D. C., Nelson P. Rose, Chief Counsel, Internal Revenue Service, Rollin H. Transue, Sp. Atty., Internal Revenue Service, Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and RIVES and CAMERON, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from a decision of the Tax Court entered March 15, 1957, and reported in 27 T.C. 306. Involving the liability of Dorothy Sullivan (hereinafter called taxpayer), resident in Texas, for deficiencies in income taxes as determined and asserted against her by the commissioner and redetermined by the Tax Court in the sums of $2,911.52 (joint and several liability with her husband) and $2,575.29, aggregating $5,486.81 for the two calendar years 1947 and 1949, respectively, it presents two questions for decision. These are:

(1) Whether the Tax Court correctly held that the 1947 income tax return which was signed by the taxpayer and her husband and completed and filed by him was a joint return, and that taxpayer is jointly and severally liable for the deficiency in income tax as determined and asserted against them.

(2) Whether the Tax Court properly held that the commissioner correctly determined the portion of the community income chargeable to the taxpayer wife for the taxable year 1949, the year of the divorce.

While the taxpayer's counsel argues both questions vigorously, earnestly and with an evident conviction that she has been wronged by the decision, we cannot see it that way. Indeed we think it clear that upon the facts found and for the reasons carefully set out in the Tax Court's opinion, both questions must receive an affirmative answer. Because the Tax Court's opinion contains a full and complete, indeed a detailed statement of all the facts, it will be sufficient for us to briefly summarize in the margin those pertinent to this appeal.[1]

1. Taxpayer Dorothy Sullivan was married to Jack Douglas from 1932 to Dec. 5, 1949, when she was divorced from him. On Jan. 1, 1946, the taxpayer and her then husband, Jack, were residing with their twelve and nine year old daughters in Lubbock, Texas. In April, 1946, Jack moved his wife and children to Dallas, although he continued to maintain his residence in Lubbock. The move to Dallas was at the insistence of Jack, who refused to permit his wife, taxpayer here, and daughters to continue residing in Lubbock.

The taxpayer and the children maintained their separate residence in Dallas from April, 1946, to the date of the divorce on Dec. 5, 1949, and Jack maintained his separate residence in Lubbock for this entire period. Jack and the taxpayer never reunited after their separation in April, 1946. When Jack moved his family to Dallas it was understood that theirs was a permanent separation. However, there was no written separation agreement.

During the taxable years in question here, Jack was employed as the general manager of the South Plains Automobile Club, a Texas corporation. The taxpayer and her husband were the owners of the entire capital stock of the corporation as community property.

The taxpayer had no knowledge of what Jack's income was during the years 1946, 1947, 1948 and 1949, nor did she know how his business was doing. She had never seen his books or records.

The taxpayer was not employed and did not have any personal income during 1946, 1947, 1948 or 1949. All the money which she received during those years was support money which she received from Jack for herself and their two minor children.

A 1947 income tax return which purports to be the joint return of Jack and the taxpayer was filed on March 29, 1948. This return was signed by the taxpayer while it was blank and before it was filled in. She did not see the return after it was filled in; she did not have any knowledge of the contents of this 1947 return when it was filed. The 1947 return filed by Jack and signed by Jack and the taxpayer was a joint return.

A purported joint return was filed by Jack and Dorothy for the taxable year 1949. However, the Commissioner concedes that this was not a valid joint return because the parties were divorced on Dec. 5, 1949, and were not husband and wife at the end of the year. He determined a deficiency against Dorothy for the year 1949 on the basis that eleven-twelfths of one-half of the income from Jack's business in 1949 was community income and taxable to Dorothy. Dorothy contests the correctness of this

Taxpayer contests the findings and conclusions as to the taxable year 1947, on the grounds: (1) that she did not willingly sign the joint return; and (2) that because the return, though signed by her before, was not filed until after, the due date, it is not binding on her.

■■ Of the first ground, we think it is sufficient to say that the question presented is one of fact and that, as the Tax Court's correct summary of the evidence shows, there was ample evidence to support the finding. To the second ground, we think a sufficient answer is that the decisions taxpayer relies upon for her point, that because the joint return was filed late by her husband, she is not bound by it, have to do with entirely different situations and are without application here.

■ When it comes to the 1949 tax and taxpayer's attack upon it, because based on what she claims is an arbitrary allocation to the community of earnings by the husband for that year, we think it clear that, upon the record, the commissioner's determination was not arbitrary.

This is so both because it was based upon the information furnished by taxpayer's husband, the head of the community and because taxpayer having full opportunity to do so, offered no proof to the contrary. Though, therefore, we recognize the principle invoked by taxpayer, that the commissioner cannot reach into the sky for an arbitrary figure and by calling it a determination make black white, there is no basis in the evidence in this case for the invocation and application of the principle.

The judgment was right. It is affirmed.

RIVES, Circuit Judge (concurring in part and dissenting in part).

As to the 1947 tax I concur, but as to the 1949 tax I respectfully dissent.

No one disputes the settled proposition that a taxpayer meets his burden when he shows that the Commissioner's determination is arbitrary and hence invalid, and that it is not necessary that he also show the correct amount of the tax, if any, which is due.[1]

The taxpayer and her husband were divorced on December 5, 1949. The Commissioner determined that, since they were married for eleven months of the year, she was taxable upon ½ of ¹¹⁄₁₂ths of her husband's income for 1949. To me it does not appear that that finding was based upon sufficient evidence, but, to the contrary, it was arrived at by a mere arbitrary, mathematical calculation.

Among other facts, the Tax Court found the following:

"During the taxable years in question Jack was employed as the general manager of the South Plains Automobile Club, a Texas corporation. Petitioners were the owners of the entire capital stock of the corporation as community property.

"Dorothy had no knowledge of what Jack's income was during 1946, 1947, 1948, and 1949, nor did she know how his business was doing. She had never seen his books or records.

"Dorothy was not employed and did not have any personal income during 1946, 1947, 1948, or 1949. All the money which she received during those years was support money which she received from Jack for herself and their two minor children."

So far as appears, all of Jack's business income came from the named Texas corporation. Just how much came from salary and how much from dividends

determination on two grounds: (1) that when she separated from Jack in April, 1946, it was agreed that the "community property" between them should be dissolved and that thereafter the earnings of each should be the separate property of each, and (2) that, in the alternative, the allocation of eleven-twelfths of one-

half of the community income to Dorothy was arbitrary and erroneous.

1. Helvering v. Taylor, 1935, 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623; Phillips v. Commissioner, 5 Cir., 1957, 246 F.2d 209, 213; Thomas v. Commissioner, 6 Cir., 1955, 223 F.2d 83, 90; Thomas v. Commissioner, 1 Cir., 1956, 232 F. 2d 520, 525.

was not proved. Whether his salary for December was at the same monthly rate as for the other eleven months of the year does not appear, though *perhaps* that much might be presumed. As to any dividends, however, they, of course, do not become income to the shareholder until they are received.[2]

Can the Commissioner assume, without evidence, that a substantial part of the husband's income was not derived from dividends paid to him after December 5th? Dividends paid to the husband after the divorce were not community income.

Any tax due by the former wife should be determined by computing the actual community income for the period prior to divorce and allocating one-half of that to her. The result may be more or less than the tax determined by the Commissioner, but the taxpayer may insist upon reasonably exact justice and cannot be required to content herself with a mere rough arbitrary approximation.

I therefore concur in part and dissent in part.

2. 26 U.S.C.A. (I.R.C.1939) § 115; Mason v. Routzahn, 1927, 275 U.S. 175, 178, 48 S.Ct. 50, 72 L.Ed. 223; Tar Products Corporation v. Commissioner, 3 Cir., 1942, 130 F.2d 866, 867.