CHRISTINE K. HILL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 66763. Filed April 29, 1959.

*Truxton Shaw, Esq.*, for the petitioner.
*Harold Friedman, Esq.*, for the respondent.

TIETJENS, *Judge:* This proceeding involves a deficiency in income tax in the amount of $1,235.08 for the calendar year 1951.

The issue for decision is whether petitioner was a member of a Texas marital community during 1951 so that she was taxable on one-half the total income received during that year by her and her husband, from whom she was separated in 1947.

The stipulated facts are so found, and are incorporated herein by this reference.

Christine K. Hill (hereinafter referred to as the petitioner) resided in Dallas, Texas, during 1951. She filed a separate individual Federal income tax return for that year on the cash basis with the former collector of internal revenue for the second district of Texas.

In 1922 petitioner and John L. Hill were married. In the fall of 1947 they separated and ceased thereafter to live together as man and wife. Insofar as petitioner and her husband were concerned, they considered the separation to be a permanent one. At no time thereafter did John Hill contribute to petitioner's livelihood or in any way account to her for his earnings. Neither party considered their incomes at any time thereafter to belong to the community. However, they made no agreement, either written or oral, during that separation, to dissolve the community, or to divide the community property acquired or to be acquired. Petitioner and her husband were divorced in 1957.

During 1951, John Hill was a resident of Texas. He received compensation for services rendered during that year in the amount of $12,000, and income of $1,805.13 from certain Wyoming oil leases which had been acquired by him while still married to petitioner.

On his income tax return for 1951, John Hill reported gross income of $13,308.72. He did not compute the tax thereon, but attached to his return the following statement: "Due to pending divorce, Collector will have to figure balance of tax as I have no access to wife's return. Token payment $500.00 attached." An arrow was drawn from this statement to the bottom of page 1 of his return where there appeared the following printed statement: "To assure split-income benefits, husband and wife must include all their income and, even though only one has income, BOTH MUST SIGN."

On her return for 1951, petitioner reported gross income of $3,931.83, consisting of $3,779.05 in wages received from Neiman-Marcus Company, and $152.78 in wages received from the Dallas Independent School District. No part of the income attributable to her husband for that year was included in her return.

In determining the instant deficiency, respondent gave the following explanation:

It appears that you and your husband filed separate returns for 1951 not on the community property basis. As the earnings of yourself and your husband

for 1951 are community income, each should report one half of the combined income. The combined adjusted gross income for 1951 is determined to be $17,240.55; it is community income, and your portion is one half, or $8,620.28.

Since you reported $3,931.83 your income is increased by the difference, $4,688.45.

OPINION.

The only issue is whether one-half the total income received by petitioner and her former husband during 1951 was taxable to petitioner by virtue of the community property laws of the State of Texas.[1]

Petitioner concedes that as a general rule only death or judicial decree dissolves the marital community. However, she argues an exception to that rule exists in Texas when there has been a permanent separation between the marriage partners, accompanied by an agreement which stipulates against the continuance of the community, and which provides for the individual ownership of any property to be acquired by either partner in the future. Under these circumstances, she argues the income earned by each spouse is taxable to that spouse alone, relying on *Jack Douglas*, 27 T.C. 306 (1956), affd. 256 F. 2d 4 (C.A. 5, 1958), and *Elsie SoRelle*, 22 T.C. 459 (1954). She concludes that the instant case comes within the exception inasmuch as both she and her former husband not only intended to be separated permanently in 1947, but actually effected such a separation at that time, and effectively dissolved the community. For the reasons hereinafter set forth, we do not agree.

Assuming petitioner to be correct in declaring that the spouses, by agreement incident to a separation, may commute future earnings into the separate property of the individual who earns them, a position at least questionable under Texas law,[2] she still cannot prevail on this record. Her position presumes the existence of a separation agreement between the parties. We are unable to find that such an agreement was made, at least before the divorce. In the fall of 1947, petitioner and her husband separated, and, while it would seem that

---

[1] Tex. Rev. Civ. Stat. Ann. art. 4619, sec. 1 (Vernon).

All property acquired by either the husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife; and all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved. During coverture the common property of the husband and wife may be disposed of by the husband only; * * *

[2] *Caldwell* v. *Dabney*, 208 S.W. 2d 127 (Tex. Civ. App., 1948); *Robins* v. *Robins*, 125 S.W. 2d 666 (Tex. Civ. App., 1939); *Davis* v. *Davis*, 108 S.W. 2d 681 (Tex. Civ. App., 1937); *Frame* v. *Frame*, 36 S.W. 2d 152 (Tex. Sup. Ct., 1931); *Brokaw* v. *Collette*, 1 S.W. 2d 1090 (Tex. Com. App., 1928).

See also *William E. Grace*, 10 T.C. 1 (1948); *Mellie Esperson Stewart*, 35 B.T.A. 406 (1937), affd. 95 F. 2d 821 (C.A. 5, 1938).

But see *Corrigan* v. *Goss*, 160 S.W. 652 (Tex. Civ. App., 1913); *Jack Douglas*, 27 T.C. 306 (1956), affd. 256 F. 2d 4 (C.A. 5, 1958); *Elsie SoRelle*, 22 T.C. 459 (1954); *Chester Addison Jones*, 31 B.T.A. 55 (1934), affirmed on other grounds 82 F. 2d 329 (C.A. 5, 1936).

both intended and considered that the separation would be a permanent one, no agreement oral or otherwise dissolving the community was ever executed during the separation. In the absence of such an agreement, even under petitioner's view of the law, there is nothing to dissolve the community and commute community property into separate property. Since this situation existed throughout the taxable year, the income received by the partners during that year constituted income to the community.

Apparently petitioner argues that a separation and property division agreement should be implied from the fact that both she and her former husband considered themselves permanently separated, and that they regarded any income received to be their own separate property. (This argument is weakened by the fact that the husband, at least for income tax purposes, acknowledged on his 1951 return that his tax would be affected by whatever amount his wife earned in that year.) However, the exception within which petitioner has attempted to bring herself has, in each instance of its application, been made contingent upon the execution of an express agreement between the separated partners providing for a permanent separation and a division of property acquired and to be acquired. See cases cited in footnote 2, *supra*. No such agreement has here been shown.

Petitioner's argument that she received no benefit, either actual or constructive, from the income received by her former husband during 1951, and thus no part thereof is taxable to her, completely overlooks the nature of the community property statutes. Under Texas law, the wife is the declared owner of one-half of the community income, the control of which is given to the husband. Thus, any argument based on constructive receipt, or lack thereof, by the wife has no merit. Regardless of actual or constructive receipt of community income by the wife she is the owner of half of such income and is taxable on it.

There being no dissolution of the marital community prior to or during the year in issue, we conclude that respondent properly determined that petitioner was taxable on one-half the total income received during that year by her and her former husband, John L. Hill.

*Decision will be entered for the respondent.*