Carmen Ramos v. Commissioner.
Ramos v. Commissioner
Docket No. 5503-67.
United States Tax Court
T.C. Memo 1969-157; 1969 Tax Ct. Memo LEXIS 139; 28 T.C.M. (CCH) 781; T.C.M. (RIA) 69157; July 28, 1969, Filed Joseph L. Nanus, for the petitioner. F. Timothy Nicholls, for the respondent. FEATHERSTON
Memorandum Opinion FEATHERSTON, Judge: Respondent determined a deficiency in petitioner's income tax for *140 1964 in the amount of $123. The issue is whether petitioner, a resident of Texas, a community property state, is taxable on one-half of her husband's wages in 1964, even though she and her husband resided separately from each other during that year, and she received no benefit from his earnings. All the facts are stipulated. At the time her petition was filed, petitioner was a legal resident of McAllen, Texas. During 1964, petitioner was employed as a domestic, receiving compensation therefor in the total amount of $580. She did not file a Federal income tax return for that year. On May 4, 1957, petitioner and Matias Ramos Hernandez (hereinafter referred to as Matias) were married. They lived together as husband and wife until August 1963, when Matias deserted petitioner. During the entire year 1964 and thereafter, petitioner and Matias resided separately. They were divorced on January 12, 1966. Matias filed an individual Federal income tax return for 1964 on which he reported 782 wages from personal services of $2,525.75. Petitioner received none of these earnings, and Matias did not contribute to her support. Neither at the time when Matias abandoned her nor at any time *141 before the divorce was granted did she and Matias enter into a written or oral agreement regarding the dissolution of the community or a division of the community property. Respondent determined, and here contends, that petitioner had taxable income of $1,552.37 in 1964, consisting of one-half of her wages plus one-half of Matias' wages. We are compelled to agree. Under Texas law, all earnings of both husband and wife during their marriage constitute community property in which the rights of each spouse are equal. [1] Even though the husband has such power of management and control over the community property that he may deal with it much as if it were his own, the wife nevertheless has a present vested interest therein. See e.g., Hopkins v. Bacon, 282 U.S. 122 (1930). The community continues until the marriage is formally dissolved, even if the spouses are separated and living apart. Christine K. Hill, 32 T.C. 254 (1959). [2]
*142 Petitioner thus had a community interest in Matias' earnings in 1964 even though he had deserted her. Under such circumstances, she is individually taxable upon her one-half share of the community income. Christine K. Hill, supra; cf. Anne Goyne Mitchell, 51 T.C. 641, 644-645 (1969), and cases cited therein. [3] We are not unaware that this conclusion produces a harsh result: It seems unfair to impose liability on petitioner for a tax based on earnings from which she received not the slightest benefit. But, regardless of our sympathies, we have no discretion to relieve petitioner of the tax, [4] our decision is dictated by the inexorable provisions of Texas community property law: Under Texas law, the wife is the declared owner of one-half of the community income, the control of which is given to the husband. Thus, any argument based on constructive receipt or lack thereof, by the wife has no merit. Regardless of actual or contructive receipt of community income by the wife she is the owner of half of such income and is taxable on it. *143 Christine K. Hill, supra at 257. Although the laws of community property states often work to the advantage of taxpayers domiciled therein, this is one example of the very severe hardships those laws can occasionally engender. Petitioner contends that she is entitled to a bad debt deduction under section 166(a) (1) equal to her community share of Matias' wages. But there is no showing that any debt claim which she may have had against her husband became worthless in the tax year. Indeed, the Texas law appears to be that a wife has no enforceable debt claim against her husband for her share of the community property. [5]
Decision will be entered for the respondent. 783 Footnotes
1. Tex. Rev. Civ. Stat. Ann. art. 4619 (1960); Hudspeth v. Hudspeth, 198 S.W. 2d 768, 771 (Tex. Civ. App. 1946); Lilly v. Yeary, 152 S.W. 823, 825↩ (Tex. Civ. App. 1912). 2. See Harkness v. McQueen, 232 S.W. 2d 629, 634 (Tex. Civ. App. 1950); Carter v. Barnes, 25 S.W. 2d 606, 607↩ (Tex. Comm. App. 1930); 1 Speer's Marital Rights in Texas, secs. 358, 359, 393 (4th ed., Oakes, 1961) (hereinafter Speer's).
3. Speer's, sec. 208. ↩
4. Petitioner expressly concedes that her husband's failure to share his wages does not constitute loss in the nature of embezzlement or theft within the meaning of section 165(c)(3). (All section references are to the Internal Revenue Code of 1954, as amended.) Cf. Warren v. State, 103 S.W. 853, 854 (Tex. Crim. App. 1907); Irwin v. Irwin, 110 S.W. 1011, 1013↩ (Tax. Civ. App. 1908); 1 Speer's, sec. 185.
5. Cf. Cohen v. Cohen, 181 S.W. 2d 915, 917 (Tex. Civ. App. 1944); Martin v. Martin, 17 S.W. 2d 789 (Tex. Comm. App. 1929); Gonzales v. Gonzales, 117 Tex. 183, 300 S.W. 20↩ (Comm. App. 1927).