THOMAS RALPH JONES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; BETTY L. JONES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jones v. Commissioner
Docket Nos. 8613-76, 9049-76.
United States Tax Court
T.C. Memo 1979-136; 1979 Tax Ct. Memo LEXIS 393; 38 T.C.M. (CCH) 599; T.C.M. (RIA) 79136; April 9, 1979, Filed Thomas Ralph Jones, pro se for docket No. 8613-76. Betty L. Jones, pro se for docket No. 9049-76. Deborah A. Butler, for the respondent. GOFFE
*394 MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioners' Federal income tax for the taxable year 1974 in the following respective amounts: Petitioner
Deficiency
Thomas Ralph Jones $ 68.73
Betty L. Jones
1,168.76
The cases were consolidated for trial, briefs and opinion. Due to concessions three issues are presented: 1. Whether Petitioner Betty L. Jones, who filed her Federal income tax return for 1974 with a status of married filing separately, must include in her income one-half of the community income earned by her and her husband; 2. Whether Petitioner Betty L. Jones is entitled to one-half of the itemized deductions allowable to the community; and 3. Whether either petitioner is entitled to an exemption from income pursuant to section 151, Internal Revenue Code of 1954, [1] in respect of their son. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated by this reference. Petitioner Thomas Ralph *395 Jones filed a Federal income tax return for 1974 with a status of married, filing separately. He resided in Richardson, Texas, when he filed his petition in this proceeding. Petitioner Betty L. Jones filed a Federal income tax return for 1974 with a status of married, filing separately. She resided in Mesquite, Texas, when she filed her petition in this proceeding. Throughout 1974, petitioners were married to each other. Throughout 1974, Betty L. Jones resided in Mesquite, Texas. Thomas Ralph Jones lived with her in Mesquite, Texas until about the first week of July 1974. He resided in Dallas, Texas for the rest of the year. Petitioners' son resided with his parents until about the first week in July 1974; he resided with Betty L. Jones for the rest of the year. On November 23, 1974, Betty L. Jones filed a petition for divorce; on December 13, 1974, Thomas Ralph Jones filed an answer and a cross action. On December 17, 1974, a hearing was held and on January 16, 1975, a domestic relations court entered a temporary order. Petitioners were divorced later in 1975. Neither petitioner had any income in 1974 which was separate income; all of their income belonged to the *396 community. OPINION Under the community property law of Texas, all property acquired by either spouse during their marriage belongs to the community, except property acquired by gift, devise or descent, or property which is partitioned pursuant to statute. Free v. Bland,369 U.S. 663 (1962); Tex. Fam. Code Ann. tit. 1, sec. 5.01 (Vernon); see Tex. Const. art. 16, sec. 15. Petitioners' marital community existed throughout 1974; all income received by petitioners during 1974 became community property when it was received. Since petitioners chose to file separate Federal income tax returns, each must report one-half of the community income. Hopkins v. Bacon,282 U.S. 122 (1930); Poe v. Seaborn,282 U.S. 101 (1930); Hill v. Commissioner,32 T.C. 254 (1959). The argument advanced by Petitioner Betty L. Jones as to the constitutionality of the above principles of taxation is without merit. The Supreme Court addressed and rejected the very same argument in Poe v. Seaborn,supra.Likewise, her complaint that she received no benefit from the funds earned by her husband is without effect on the outcome *397 here. See Hill v. Commissioner,supra.
Since petitioners chose to file separate Federal income tax returns, petitioners are each entitled to an equal share of the deductions chargeable against community income. Stewart v. Commissioner,35 B.T.A. 406 (1937), affd. 95 F.2d 821 (5th Cir. 1938). Both petitioners claimed an exemption for 1974 under section 151(e), each claiming that their son was a dependent. Section 152 defines the term "dependent" as being any of a class of individuals, including a child of the taxpayer, "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)." [2] Sec. 152(a). The issue here is whether either petitioner provided over one-half of their child's support. Since petitioners' son was supported entirely from community property during 1974, each spouse is treated as having provided exactly one-half of the child's support. See Tex. Fam. Code Ann. tit. 1, sec. 5.01 (Vernon); Jorg v. Commissioner,52 T.C. 288 (1969). Since neither petitioner *398 provided over one-half of the child's support, neither parent is entitled to the exemption which both have claimed. Decisions will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Subsection (c) of section 152 is not applicable to the instant case because no multiple support agreement existed between petitioners for 1974; subsection (e) of section 152 is not applicable to the instant case because at no time during 1974 were petitioners divorced, legally separated under a decree of divorce or separate maintenance, or separated under a written agreement.↩