KATHLEEN M. WILLIAMS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Williams v. Commissioner
Docket No. 6868-75.
United States Tax Court
T.C. Memo 1979-166; 1979 Tax Ct. Memo LEXIS 355; 38 T.C.M. (CCH) 718; T.C.M. (RIA) 79166; April 30, 1979, Filed *355 Held: Petitioner is liable for tax on one-half of the community income of her former husband and herself during years in which they were separated but prior to entry of a final decree of divorce. Joe A. Izen, Jr., for the petitioner. William T. Overton, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: Respondent determined the following deficiencies in petitioner's income tax: Year
Deficiency
1970
$4,306.13
1971
4,546.65
1972
6,751.87
The only issue presented by this case is whether petitioner is taxable on one-half of the community income earned by her and her husband during the taxable years at issue. This case is presented to us on a fully stipulated record. The stipulation of facts, *356 together with the exhibits attached thereto, are incorporated herein by reference. The only exhibits attached to the stipulation of facts were copies of petitioner's income tax returns for 1970, 1971, and 1972. The stipulated facts, together with facts gleaned from the stipulated exhibits, are as follows. Kathleen M. Williams, petitioner herein, was married to Leonard J. Williams on October 8, 1955. Except for the years 1955 through 1957, the Williams were domiciled in Texas, a community property State, during their entire married life, including the taxable years at issue. The Williams lived together until early May 1970. At that time they separated and on May 20, 1970, Mr. Williams sued petitioner for divorce in the Court of Domestic Relations No. Four of Harris County, Tex.A final decree of divorce was entered on July 27, 1973. Petitioner filed her returns for the taxable years at issue with the Internal Revenue Service at Austin, Tex. The returns for 1970 and 1972 were filed by petitioner under the status married filing separately. The return for 1971 was filed by petitioner under the status unmarried head of household. During the taxable years at issue petitioner *357 did not report half of the community income earned by petitioner and her husband. The deficiencies determined are based upon half of the community income as determined by respondent in the notice of deficiency and not disputed by petitioner. Although separated from her husband during most of the taxable years at issue, petitioner remained legally married to him until the final decree of divorce was entered on July 27, 1973. At that time, and not before, the community was dissolved. Hill v. Commissioner,32 T.C. 254 (1959). Therefore, petitioner had a present vested one-half interest in the community income earned by her-self and her husband during the taxable years at issue. Tex. Fam. Code Ann., Title 1, sec. 5.01(b) (Vernon 1975); Hopkins v. Bacon,282 U.S. 122 (1930). Consequently, she must include this community income in her gross income to the extent of her interest even though she may not have had dominion and control over her husband's earnings during that time. United States v. Mitchell,403 U.S. 190 (1971), revg. 430 F.2d 1 (5th Cir. 1970), which revd. 51 T.C. 641 (1969). [1]
*358 Petitioner's argument that an interlocutory order was made by the divorce court which limited her interest in her husband's earnings to specified support payments is of no assistance to her. Although given repeated opportunities to submit this order in evidence, petitioner failed to do so. [2] As explained in Rule 143(b), Tax Court Rules of Practice and Procedure, "[ex] parte affidavits, statements in briefs, and unadmitted allegations in pleadings do not constitute evidence." And obviously we are unable to consider petitioner's quote in her brief of the terms of the order of divorce for the same reason. *359 Finally, the fact that petitioner did not file a joint return with her husband during the taxable years at issue precludes her reliance upon the innocent spouse provisions of section 6013(e), I.R.C. 1954. Galliher v. Commissioner,62 T.C. 760 (1974), affd. in an unpublished opinion 512 F. 2d 1404 (5th Cir. 1975), cert. denied 423 U.S. 988 (1975). Decision will be entered for the respondent.
Footnotes
1. See also Quinn v. Commissioner,T.C. Memo. 1972-112; Hill v. Commissioner,32 T.C. 254↩ (1959).
2. When this case was called for trial, counsel for both parties advised the Court that the case would be submitted fully stipulated, but asked the Court to keep the record open for 30 days to receive a supplemental stipulation of the official file in the divorce proceedings between petitioner and her former husband.Counsel for petitioner advised that he would prepare the proposed supplemental stipulation. No such supplemental stipulation was filed. When petitioner's reply brief was received by the Court, attached to it was a letter from petitioner's counsel and two accompanying "exhibits." The Clerk of the Court wrote to counsel for petitioner, with copy to counsel for respondent, advising that since a supplemental stipulation of facts had not been received within the time the record had been held open by the Court, the record was closed and the "exhibits" were returned. The Clerk went on to advise that if petitioner wanted the Court to consider additional evidence, she should file a motion to reopen the record. No such motion has been received.↩