BARRY S. KETCHAM and NANCY L. KETCHAM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
KETCHAM v. COMMISSIONER
Docket No. 17557-80.
United States Tax Court
T.C. Memo 1982-637; 1982 Tax Ct. Memo LEXIS 110; 45 T.C.M. (CCH) 8; November 2, 1982. *110 H and W were divorced in 1977. In 1977 and 1978, both claimed dependency deductions for their two children, who were in the custody of W. Held, for both 1977 and 1978, the Commissioner clearly established that W provided more for the support of such children than did H. Sec. 152(e)(2)(B), I.R.C. 1954. Barry S. Ketcham and Nancy L. Ketcham, pro se. David *112 A. Hampel, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined deficiencies in the petitioners' Federal income taxes of $740.83 for 1977 and $660.00 for 1978. The issue for decision is whether the petitioners are entitled to dependency deductions for two children of Mr. Ketcham by a former marriage. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Barry S. and Nancy L. Ketcham, husband and wife, resided in Texas at the time they filed their petition in this case. They timely filed their joint Federal income tax returns for 1977 and 1978 with the Internal Revenue Service. Mr. Ketcham was formerly married to Toni Gossett Ketcham (who has since become Mrs. Hunter). Two children were born of this marriage: Keli Ann, born June 23, 1972, and John, born May 22, 1974. At all times relevant to this proceeding, Mr. Ketcham and Mrs. Hunter resided in Texas. In 1971, Barry and Toni Ketcham purchased a three-bedroom home in Garland, Tex. In February 1977, Mr. Ketcham moved out of such home, and in March 1977, the Domestic Relations Court of Dallas *113 County, Texas, ordered Mr. Ketcham to make monthly payments for child support, awarded temporary custody of the children to Toni Ketcham, and set aside certain personal property for their use during the pendency of the divorce action. On November 30, 1977, Barry and Toni Ketcham were divorced. The divorce decree awarded the marital residence and permanent custody of the children to Toni Ketcham. In addition, such decree ordered Mr. Ketcham to pay $275 per month for child support and required him to maintain a medical insurance policy for the benefit of the children. The decree did not specify which parent was to be entitled to the dependency deductions for the two children. In December 1977, Toni Ketcham and the children moved to Greenville, Tex., and rented a home. Such home contained two bedrooms, two baths, a living room, kitchen, utility room, and a carport.
On several occasions during 1977 and 1978, Keli and John went to their father's house for visits. They also visited Mr. Ketcham's father, who furnished them with some clothing. During 1977 and 1978, Mrs. Hunter was employed as a technical illustrator, and in 1978, she received wages of approximately $520 a month *114 in such capacity. Her mother, Mary Gossett, loaned money to her during 1977 and 1978. Mrs. Gossett also made a number of payments for the benefit of the children. Such payments were made by Mrs. Gossett because Mrs. Hunter was afraid to use her own checking account since some of Mr. Ketcham's support checks were returned for insufficient funds. Mrs. Hunter repaid all of the funds her mother loaned to her under such arrangement. The following table sets forth the amounts furnished by Barry and Toni Ketcham during 1977 for the listed items: Item
For the Year
Pre-Divorce
Post-Divorce
Entertainment
$ 15.00
$ 13.65
$ 1.35
Value of lodging
4,800.00
4,368.00
432.00
Utilities
677.98
616.96
61.02
Telephone
405.81
369.29
36.52
Food
1,300.00
1,183.00
117.00
Clothing
351.94
291.94
60.00
Swimming and
dancing
56.00
56.00
Child care
1,256.35
1,127.10
129.25
Haircuts
50.00
45.50
4.50
Doctor bills
459.00
417.69
41.31
Medication
128.25
116.70
11.55
Dining and recreation
369.88
336.60
33.28
Moving
40.85
40.85
Gifts
60.00
60.00
Transportation
652.80
594.04
58.76
Total
$10,623.86
$9,536.47
$1,087.39
In the *115 absence of any evidence to allocate the payments, it is presumed that such payments occurred ratably over the course of the year and were incurred for the benefit of each child alike. The following table sets forth the amounts furnished by Barry and Toni Ketcham during December 1977 and the amounts allocable to the support of Keli and John: Item
Total
Keli
John
Barry Ketcham
Cash payment
$ 275.00
$137.50
$137.50
Entertainment
1.35
.67
.68
Total
$ 276.35
$138.17
$138.18
Toni Ketcham
Value of lodging
$ 432.00
$144.00
$144.00
Utilities
61.02
20.34
20.34
Telephone
36.52
12.17
12.17
Food
117.00
39.00
39.00
Clothing
60.00
30.00
30.00
Child care
129.25
64.62
64.63
Haircuts
4.50
1.26
3.24
Doctor bills
41.31
11.61
29.70
Medication
11.55
4.70
6.85
Dining and recreation
33.28
16.64
16.64
Moving
40.85
13.62
13.62
Gifts
60.00
30.00
30.00
Transportation
58.76
29.38
29.38
Total
$1,086.04
$417.34
$439.57
The total amounts set forth for lodging, utilities, telephone, food, and moving include the amounts allocable to Toni Ketcham. The following table sets forth the amounts furnished by Toni Ketcham *116 in 1978 and the amounts allocable to the support of Keli and John: Item
Total
Keli
John
Value of lodging
$ 4,800.00
$1,600.00
$1,600.00
Utilities
1,198.36
399.45
399.45
Telephone
115.80
38.60
38.60
Food
1,800.00
600.00
600.00
Clothing
1,000.00
500.00
500.00
Swimming
40.00
20.00
20.00
Child care
1,520.50
760.25
760.25
Haircuts
50.00
16.00
34.00
Health insurance
152.88
76.44
76.44
Doctor bills
222.00
15.00
207.00
Medication
184.32
92.16
92.16
Dining and entertainment
600.00
200.00
200.00
Gifts
210.00
105.00
105.00
Transportation
652.80
326.40
326.40
Total
$12,546.66
$4,749.30
$4,959.30
The total amounts set forth for lodging, utilities, telephone, food, and dining and entertainment include the amounts allocable to Toni Ketcham. During 1978, the petitioners furnished the following amounts for the support of Keli and John: Item
Total
Keli
John
Support payments
$3,300.00
$1,650.00
$1,650.00
Medical and dental
expenses
247.00
34.00
213.00
Clothing
426.00
232.00
194.00
Entertainment
200.00
100.00
100.00
Total
$4,173.00
$2,016.00
$2,157.00
On their returns *117 for 1977 and 1978, the petitioners claimed dependency deductions and deducted medical expenses for both Keli and John. In his notice of deficiency, the Commissioner determined that the petitioners were not entitled to dependency deductions or medical expenses for Keli and John for either 1977 or 1978. At trial, the Commissioner stipulated to the medical expenses paid by the petitioners in 1978 and conceded that they could deduct such expenses if we find that they were entitled to the dependency deductions for that year. OPINION We must decide whether the petitioners are entitled to the dependency deductions for the children of Mr. Ketcham by a former marriage. Section 151 of the Internal Revenue Code of 1954[1] allows a deduction for a dependent, and section 152(a)(1) provides the general rule that a taxpayer's child is considered his dependent if such taxpayer furnishes over one-half of the child's support.However, section 152(e) provides special rules to determine who is entitled to the dependency deduction for a child where the parents are divorced. Section 152(e)(1) provides that when the parents are divorced, the custodial parent is entitled to a dependency *118 deduction when the child receives over one-half of his support from his divorced parents and is in the custody of either or both parents for more than one-half of the year. On the other hand, under section 152(e)(2)(B), the noncustodial parent is treated as furnishing over one-half of the support of a child if such parent provides $1,200 or more for the support of such child (or if there is more than one child, $1,200 or more for each of such children) and if the custodial parent does not clearly establish that she provided more for the support of such child during the year than did the noncustodial parent. Where the custodial parent is not a party to the proceeding, the burden of proof falls upon the Commissioner. McGuire v. Commissioner,77 T.C. 765, 770 (1981); Labay v. Commissioner,55 T.C. 6, 11 (1970), affd. per curiam 450 F. 2d 280 (5th Cir. 1971). Under Texas law, community property consists of all property acquired by either spouse during marriage other than separate property (Tex. *119 Fam. Code Ann. sec. 5.01(b) (Vernon 1975)), and separate property includes, in part, property owned or claimed by the spouses before marriage and the property acquired by the spouse during marriage by gift, devise, or descent. Tex. Fam. Code Ann. sec. 5.01(a) (Vernon 1975); Free v. Bland,369 U.S. 663, 664 (1962); Johnson v. Johnson,584 S.W. 2d 307 (Tex. Civ. App. 1979). Property possessed by either spouse during marriage is presumed to be community property. Tex. Fam. Code Ann. sec. 5.02 (Vernon 1975); Jackson v. Jackson,524 S.W. 2d 308 (Tex. Civ. App. 1975). Toni and Barry Ketcham were divorced on November 30, 1977. Notwithstanding that Toni Ketcham had custody of the children and actually furnished the bulk of their support after Barry moved out, no evidence was presented to overcome the presumption that the funds for such support constituted community property. Tex. Fam. Code Ann. sec. 5.02 (Vernon 1975). The petitioners argue that the temporary orders of March 1977 effected a division of property as of such date and that therefore the amounts they paid after such orders were signed and before the decree was entered should *120 not be considered as paid one-half by Toni Ketcham. Such argument is without merit. It is the decree of divorce that effects a division of the property and terminates the marriage. Tex. Fam. Code Ann. sec. 3.63 (Vernon 1975); Choate v. Choate,576 S.W. 2d 656 (Tex. Civ. App. 1978); Harkness v. Harkness,1 S.W. 2d 399 (Tex. Civ. App. 1927); Burns v. Burns,126 S.W. 333 (Tex. Civ. App. 1910). Although a court has the power to issue temporary orders respecting the parties and property after a petition for divorce is filed (Tex. Fam. Code Ann. secs. 3.58 and 3.59 (Vernon 1975)), it is clear that such orders are not the equivalent of a divorce decree, but are issued merely to grant temporary relief pending final disposition of the case on the merits. Wells v. Wells,539 S.W. 2d 220 (Tex. Civ. App. 1976); Hunt v. Hunt,215 S.W. 228 (Tex. Civ. App. 1919). We recognize that, under Texas law, spouses may enter into a contract of separation and, as a part of such contract agree upon a final distribution of property, thereby dissolving the community prior to divorce. See Loston v. Loston,424 S.W. 2d 316 (Tex. Civ. App. 1968); *121 Selby v. Selby,148 S.W. 2d 854 (Tex. Civ. App. 1941); Corrigan v. Goss,160 S.W. 652 (Tex. Civ. App. 1913); Rains v. Wheeler,76 Tex. 390, 13 S.W. 324 (1890). However, here, it was not argued or proved that prior to the divorce the spouses "entered into and executed an agreement in contemplation of divorce fully, completely, and finally disposing of all their property rights, including their interests in future income earned by each other." SoRelle v. Commissioner,22 T.C. 459, 486 (1954); see and compare Hill v. Commissioner,32 T.C. 254 (1959), and Douglas v. Commissioner,27 T.C. 306 (1956), affd. sub nom. Sullivan v. Commissioner,256 F. 2d 4 (5th Cir. 1958), with Jones v. Commissioner,31 B.T.A. 55 (1934), affd. per curiam 82 F. 2d 329 (5th Cir. 1936). Since there was no such agreement and since Toni and Barry Ketcham remained married until November 30, 1977, the community continued to exist until that time. Accordingly, we hold that the children's support during the period prior to the divorce was provided by funds which constituted *122 community property and is allocable one-half to each parent. See Jorg v. Commissioner,52 T.C. 288 (1969). [2]
Since the total support of the children is allocable evenly to both parents during the period that they were married, the petitioners are entitled to the dependency deductions for 1977 if the Commissioner does not clearly show that Toni Ketcham provided more for the support of the children after the divorce. Labay v. Commissioner,supra;Jorg v. Commissioner,supra; see also Thompson v. Commissioner,78 T.C. 558, 564 n. 2 (1982). To carry his burden, the Commissioner presented the testimony of Toni Ketcham. She testified to various items of support, including food, lodging, child care, clothing, medical care, and entertainment. Many of the items were supported by documentary evidence, and Toni Ketcham's testimony was credible. For the purpose of applying the rules of section 152(e), such section provides, in part, that amounts expended for the support of a *123 child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support. In determining Toni Ketcham's contribution to the children's support, her contribution is measured by the excess of the total amount of support over the amount of support furnished by the petitioners. Sec. 1.152-4(d)(4), Income Tax Regs. During December 1977, total support amounted to $418.01 for Keli and $440.25 for John, and of such amounts, the petitioners expended $138.17 for Keli and $138.18 for John. Thus, in that month, Toni Ketcham is considered to have contributed $279.84 for the support of Keli and $302.07 for the support of John. Accordingly, we hold that the Commissioner has clearly established that Toni Ketcham provided more for the support of each child than did the petitioners in 1977 and that the petitioners are not entitled to the two dependency deductions for that year. For 1978, it is equally clear that the petitioners are not entitled to the dependency deductions for Keli and John. We have found that for such year, the total support for Keli was $5,115.30 and for John was $5,466.30, and that for such year, the *124 petitioners furnished $2,016.00 for the support of Keli and $2,157.00 for the support of John. Thus, for such year, Toni Ketcham is considered to have contributed $3,099.30 for the support of Keli and $3,309.30 for the support of John. Therefore, we conclude that for 1978, the Commissioner has clearly established that Toni Ketcham provided more for the support of each child than did the petitioners, and we also hold that the petitioners are not entitled to the dependency deductions for 1978.Since the petitioners are not entitled to the dependency deductions for the children for 1978, it follows that they are not entitled to deduct the medical expenses for the children for that year. Sec. 213(a). Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue, unless otherwise indicated.↩
2. See also Jones v. Commissioner,T.C. Memo. 1979-136; Guest v. Commissioner,T.C. Memo. 1979-44↩.