Vernon P. Bonner v. Commissioner.
Bonner v. Commissioner
Docket No. 2056-64.
United States Tax Court
T.C. Memo 1966-96; 1966 Tax Ct. Memo LEXIS 186; 25 T.C.M. (CCH) 517; T.C.M. (RIA) 66096; May 10, 1966
*186 Vernon P. Bonner, pro se, 2151 Orange Ave., Costa Mesa, Calif. Thomas J. Sullivan, for the respondent. FAY
Memorandum Opinion FAY, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax for the taxable years and in the amounts as follows: Addition to Tax § 6653(b),
Year
Deficiency
I.R.C. 1954
1960
$ 386.61
$ 193.30
1961
7,101.24
3,550.62
1962
6,121.29
3,060.65
The issues for decision are: (1) Is petitioner, who filed Federal joint income tax returns with his wife for the taxable years 1960, 1961, and 1962, jointly liable for the tax on unreported income embezzled by his wife from her employer during those years; and (2) did respondent establish that the joint returns filed by petitioner and his wife for 1961 and 1962 were fraudulent and filed with the intent to evade the tax or the payment thereof? Respondent conceded at trial and is no longer contending that petitioner is liable for the addition to tax under section 6653(b) of the Internal Revenue Code of 1954 for the taxable year 1960. All of the facts are stipulated and as stipulated are so found. *187 Petitioner, Vernon P. Bonner, and Willa Jean Bonner (hereinafter referred to as Willa) timely filed Federal joint income tax returns for the calendar years 1960, 1961, and 1962 with the district director of internal revenue, Los Angeles, California. [1]
During the years 1960, 1961, and until October 29, 1962, Willa was employed as office supervisor by the San Joaquin Hospital, Inc., Bakersfield, California (hereinafter referred to as the Hospital). During those years Willa embezzled certain funds from the Hospital. Willa did not keep any records to determine how much money she had embezzled from the Hospital. However, she estimates that she embezzled between $17,000 and $20,000 during the period in issue. A certified public accountant made an examination of certain of the Hospital's books and records and made a report in 1962 to the Hospital regarding the embezzlement of funds by Willa. The accountant's report concluded that Willa had embezzled $1,757.33, *188 $21,668.67, and $19,703.42 in 1960, 1961, and 1962, respectively, totaling $43,129.42. [2]
Willa was indicted and pleaded guilty in the Superior Court of Kern County, California, to the crime of grand theft, section 487 of the Penal Code of California, on January 3, 1963. The indictment charged Willa with embezzling funds in excess of $200 from the Hospital during the years 1960, 1961, and 1962. With the exception of personal clothing, some items of food, and a set of drapes costing $300, Willa never used the embezzled money to purchase items for the benefit of her husband or their home. Most of the funds taken from the Hospital were used to aid her parents and siblings, and her daughter who was born of a previous marriage. Willa did not inform petitioner of her embezzling until after she had been apprehended. Petitioner prepared the Federal joint tax returns filed by himself and Willa for each of the three years in issue. Petitioner was not aware of the embezzled funds at the time that he prepared the *189 aforesaid tax returns for the years 1960 and 1961. Petitioner was aware of his wife's embezzling at the time he prepared the joint tax return for 1962. Petitioner and Willa reported total income of $10,373.57, $10,226.98, and $9,345.60 in their joint tax returns for the years 1960, 1961, and 1962, respectively. None of the funds embezzled by Willa from the Hospital was included as income on petitioner's and Willa's joint income tax returns for any of the years involved herein. In his notice of deficiency, respondent determined that petitioner and Willa understated income in their joint returns for the years 1960, 1961, and 1962 in the amounts of $1,757.33, $21,668.67, and $19,703.42, respectively, which understated income was derived by Willa from embezzlement of funds from the Hospital. Respondent also determined that all or part of the underpayment of tax resulting from the aforesaid understatement of income is due to fraud; and, consequently, respondent asserted the 50 percent addition to tax provided by section 6653(b) for those years. Firstly, we must decide whether petitioner, who filed Federal joint income tax returns with Willa for the taxable years 1960, 1961, and 1962, *190 is jointly liable for the tax on funds embezzled by Willa from the Hospital in each of the three years, [3] which funds were not reported in said joint returns. Petitioner has not produced any evidence to show error in, nor has he challenged, respondent's determination of the amount of the deficiency and, accordingly, said determination is presumed to be correct. Welch v. Helvering, 290 U.S. 111 (1933). Petitioner does contend as a matter of law that he cannot be held liable for the tax on the funds embezzled by his wife without his knowledge of, or consent to, the embezzlement and income understatement. However, the "tax" for which a return-signing spouse is liable includes both the amount stated in the joint return and any deficiency assessments on account of the incorrectness, inadequacy or bad faith of that filing despite the innocence of one spouse and fault of the other. Jack Douglas, 27 T.C. 306 (1956), affd. sub nom. Sullivan v. Commissioner, 256 F. 2d 4 *191 (C.A. 5, 1958); Meyer J. Safra, 30 T.C. 1026 (1958). Respondent determined that part of the deficiencies for the years 1961 and 1962 was due to fraud with intent to evade tax within the meaning of section 6653(b). [4] Fraud is never to be presumed. It must be proven by clear and convincing evidence. Moreover, the burden of proving fraud rests on respondent. E. S. Iley, 19 T.C. 631, 635 (1952). We do not believe that respondent has met his burden. Although intent is a mental state, it must be proven and appear as a positive factor. John Marinzulich, 31 T.C. 487 (1958). In attempting to show fraud, respondent emphasizes the understatements of income by petitioner and Willa on their tax returns. *192 It is not enough, however, to establish fraud merely by showing understatements of income without more in a case solely involving embezzlement income. Upon a review of the record, we find that respondent has proffered no further evidence adequate to support an affirmative finding of fraudulent intent. Therefore, we hold for petitioner on this issue. Decision will be entered under Rule 50. Footnotes
1. The statutory notice of deficiency was mailed in duplicate originals to petitioner and to Willa. Willa did not petition this Court, and the full amount of the tax and additions to the tax have been assessed against her.↩
2. Respondent introduced into evidence the certified public accountant's report to support his determination of petitioner's and Willa's deficiencies for each year in issue.↩
3. The Supreme Court in James v. United States, 366 U.S. 213 (1961), held that embezzled funds were taxable income to the embezzler, overruling Commissioner v. Wilcox, 327 U.S. 404↩ (1946).
4. Respondent concedes the addition to tax under sec. 6653(b), I.R.C. 1954, for the year 1960. The principle of joint liability of spouses filing joint returns is equally applicable to the additions to tax for fraud as well as to deficiencies despite the innocence of one spouse. W. L. Kann, 18 T.C. 1032 (1952), affd., 210 F. 2d 247 (C.A. 3, 1953), certiorari denied 347 U.S. 967↩ (1954).